T.C. Memo. 2005-197

UNITED STATES TAX COURT

RONNIE O. AND G. JUNE CRAFT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2858-04.                    Filed August 15, 2005.

<u>Clinton J. Wofford</u>, for petitioners.

<u>Audrey M. Morris</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of
$6,672 in petitioners' 2001 Federal income tax.  After a
concession,[1] the issues for decision are:  (1) Whether petitioners
are entitled to deduct expenses listed on Schedule C, Profit or

_____

   [1]  Respondent conceded an interest income adjustment
proposed on the notice of deficiency in the amount of $381.

Loss From Business, of their 2001 return, and (2) if petitioners are entitled to deduct the expenses, whether the expenses are subject to the 2-percent limitation contained in section 67[2] and the limitation contained in section 68.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed the petition, Ronnie O. Craft (petitioner) and G. June Craft, husband and wife, resided in Garland, Texas. G. June Craft is a party because she signed the joint tax return.

Petitioner is a 50-percent shareholder in Craft-Barnett Investments, Inc. (Craft-Barnett), an S corporation which was converted from a C corporation in 1994. James M. Barnett (Barnett) is the other 50-percent shareholder of Craft-Barnett. Both petitioner and Barnett, in their capacity as officers and employees, received a salary of $50,000 from Craft-Barnett in 2001.

Petitioner is also a shareholder in Abilene Investment Properties, Inc., a family-owned S corporation. In addition, petitioner is a partner in the ROC Family Limited Partnership (ROC FLP) along with his wife and children. ROC FLP owned the

_____

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

stock of M.E. Moses, Co., Inc. (M.E. Moses), from 1991 or 1992 until around 1994.

Petitioner claimed the following expenses on the Schedule C of his joint 2001 Federal income tax return:

| | |
|---|---|
| Car and truck expenses | $2,245.40 |
| Depreciation | 8,846.98 |
| Legal and professional fees | 4,650.00 |
| Office supplies | 449.13 |
| Dues and subscriptions | 1,162.00 |
| Post office box rental | 250.00 |
| Total | 17,603.51 |

Petitioner contends that these expenses consist of the following:

1. Car and truck expenses--driving petitioner did as an executive of Craft-Barnett and consists of $1,022 for insurance and $1,223.40 for gas and other expenses.

2. Depreciation--depreciation of office equipment used in petitioner's work as an executive of Craft-Barnett in the amount of $2,086.63 and depreciation of a 2001 Chevrolet pick-up truck used in conjunction with his work with Craft-Barnett in the amount of $6,760.35.

3. Legal and professional fees--$3,300 in legal fees applicable to the "settlement of certain expenses involving transfer of M.E. Moses Company, Inc. stock in previous years"; $1,000 in legal and accounting fees paid for "review of business documents and review and preparation of the petitioners' tax return"; and $350 in legal fees paid for the preparation and filing of a Plea of Abatement brought against petitioner by the

Hopkins County, Texas, Property Tax Appraiser. All of these fees were paid to petitioner's attorney, Clinton J. Wofford.

4. Office supplies--$449.13 in office supplies which were for use in Craft-Barnett.

5. Dues and subscriptions--these expenses were used to acquire newspapers and similar publications to review lots and houses for Craft-Barnett.

6. Post office box rental expense--used as the official mailing address for Craft-Barnett, Abilene Investment Properties, and ROC FLP.

Petitioner did not report any income for 2001 on the Schedule C. For 2001, he reported his $50,000 salary from Craft-Barnett on line 7 of Form 1040, U.S. Individual Income Tax Return, and his share of the income from Craft-Barnett on Schedule E, Supplemental Income and Loss.

Craft-Barnett adopted a resolution requiring petitioner and Barnett, as vice president and president of the corporation respectively, to incur expenses as may be necessary or required and stating that they shall not be reimbursed by Craft-Barnett for these expenses. The resolution states that petitioner "shall also be responsible for supplying office space and his own vehicle for his business services and shall not be reimbursed therefor by the Corporation."

OPINION

I.  Burden of Proof

As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Section 7491(a), however, provides that if a taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner bears the burden of proof with respect to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Code.  For the burden to shift, however, the taxpayer must comply with the substantiation and record-keeping requirements as provided in the Internal Revenue Code and have cooperated with the Commissioner.  See sec. 7491(a)(2).  Petitioner did not claim that section 7491(a) applies.  Furthermore, petitioner failed to introduce sufficient evidence to shift the burden to respondent.  Accordingly, section 7491(a) does not apply in this case.

In the statutory notice of deficiency herein, respondent stated that the expenses petitioner listed on the Schedule C must be taken as deductions on Schedule A, Itemized Deductions, and are subject to the 2-percent limitation.  In his calculations in the notice of deficiency, respondent did not allow these expenses as Schedule A deductions subject to the 2-percent limitation.  In his pretrial memorandum and opening statement at trial,

respondent contended that these expenses should be disallowed altogether, or if allowed, should be subject to the 2-percent limitation of section 67. Furthermore, petitioner knew that the issue of whether the expenses were properly deductible by him on his individual tax return was before the Court, and he presented evidence on that subject. Therefore, the burden of proof remains with petitioner on all issues in this case.

II. Expenses Related to Craft-Barnett

A. Corporate Expenses v. Individual Expenses

The first issue is whether the expenses are properly deductible by petitioner or whether they are expenses of the corporation not deductible by petitioner.

Deductions are a matter of legislative grace; petitioners have the burden of showing that they are entitled to any deduction claimed. Rule 142(a); INDOPCO, Inc, v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). The taxpayer is required to maintain records that are sufficient to enable the Commissioner to determine his correct tax liability. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs. In addition, the taxpayer bears the burden of substantiating the amount and purpose of the claimed deduction. See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

A corporation is treated as a separate entity from its shareholders for tax purposes. Moline Props. Inc. v. Commissioner, 319 U.S. 436, 438-439 (1943). The voluntary payment of corporate expenses by officers, employees, or shareholders may not be deducted on the taxpayer's individual return. Deputy v. Du Pont, 308 U.S. 488, 494 (1940); Noland v. Commissioner, 269 F.2d 108 (4th Cir. 1959), affg. T.C. Memo. 1958-60; Rink v. Commissioner, 51 T.C. 746, 751 (1969). Such payments constitute either capital contributions or loans to the corporation and are deductible, if at all, only by the corporation. Deputy v. Du Pont, supra; Rink v. Commissioner, supra.

A corporate resolution or policy, however, requiring a corporate officer to assume certain expenses indicates that those expenses are his expenses as opposed to those of the corporation. Noyce v. Commissioner, 97 T.C. 670, 683-684 (1991); see also Johnson v. Commissioner, T.C. Memo. 1984-598. The corporate resolution enacted by Craft-Barnett requires petitioner to assume certain expenses including providing office space and a vehicle, and therefore the expenses covered by the corporate resolution are petitioner's expenses.

B. Individual Expenses: Shareholder v. Employee

After determining that the expenses listed in the corporate resolution are petitioner's expenses, we next have to decide

whether petitioner incurred these expenses as an employee or shareholder of Craft-Barnett. If petitioner incurred these expenses to protect his equity interest in Craft-Barnett, the expenses would be capitalized and would not be deductible by petitioner. Section 162(a) allows a deduction for all ordinary and necessary expenses incurred in carrying on a trade or business. The performance of services as an employee constitutes a trade or business. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988). An ordinary expense is one that is common and acceptable in the particular business. Welch v. Helvering, supra at 113-114. The principal function of the word "ordinary" in section 162(a) is to clarify the distinction between expenses which are currently deductible and expenses which are capital in nature. Commissioner v. Tellier, 383 U.S. 687, 689 (1966); Noyce v. Commissioner, supra at 686. A necessary expense is an expense that is appropriate and helpful in carrying on the trade or business. Heineman v. Commissioner, 82 T.C. 538, 543 (1984). As petitioner's expenses were not incurred in the acquisition or enhancement of a capital asset but in the conduct of his duties as an employee of Craft-Barnett, the expenses are ordinary. The expenses incurred by petitioner were necessary to fulfill his duties as vice president of Craft-Barnett.

Therefore, we conclude that the expenditures attributable to Craft-Barnett are deductible by petitioner as ordinary and

necessary expenses of his trade or business of being a Craft-Barnett employee.

C. Proper Placement of Deductions

After concluding that the expenses are properly deductible by petitioner, the next issue is whether petitioner properly deducted the expenses on his Schedule C or whether the expenses are subject to the 2-percent limitation of section 67 and the limitation in section 68.

Section 62 lists the deductions from gross income which are allowed for the purpose of computing adjusted gross income. Section 62(a)(1) provides the general rule that trade or business deductions are allowed for the purpose of computing adjusted gross income "if such trade or business does not consist of the performance of services by the taxpayer as an employee." Expenses of employment, if incurred under a reimbursement arrangement with the employer, are deductible in computing the employee's adjusted gross income. See sec. 62(a)(2). Otherwise, individuals with unreimbursed trade or business expenses from their employment must deduct these expenses subject to the 2-percent limitation of section 67. Gonzalez v. Commissioner, T.C. Memo. 1997-430. These expenses may be further reduced pursuant to section 68 if the individual's "adjusted gross income exceeds the applicable amount". Sec. 68(a).

Petitioner claims that his Schedule C trade or business is "being an employee for livelihood or for profit." As petitioner's trade or business is being an employee, these expenses are subject to the 2-percent limitation of section 67 and further limitations under section 68.

D. Listed Expenses

After concluding that petitioner is entitled to deduct expenses associated with his employment with Craft-Barnett subject to the limitations contained in sections 67 and 68, we must examine each expense listed by petitioner to determine any further limitation on deductibility.

1. Car and Truck Expenses

Petitioner is entitled to deduct the expenses listed as car and truck expenses because automobile expenses are specifically listed in the corporate resolution. Petitioner used his truck to travel from his office to job sites, the bank, and title companies. Therefore, petitioner is entitled to deduct the $2,245.40 of car and truck expenses.[3]

2. Depreciation Expense

Petitioner claimed $8,846.98 in depreciation expenses on his 2001 return of which $6,760.35 is related to his truck and $2,086.63 is related to office equipment.

---

[3] Respondent states that he does not raise the issue of compliance with the substantiation requirements of sec. 274(d), and therefore sec. 274 is not an issue.

As stated above, petitioner bears the burden of maintaining the records needed to establish his entitlement to deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. To substantiate entitlement to a depreciation deduction, the taxpayer must show that the property was used in a trade or business (or other profit-oriented activity) and must establish the property's depreciable basis by showing the cost of the property, its useful life, and the previously allowable depreciation. Cluck v. Commissioner, 105 T.C. 324, 337 (1995).

Petitioner did not produce any evidence at trial to substantiate the claimed depreciation expense. Petitioner attached to his pretrial memorandum documents related to his claimed deduction for depreciation expenses. Evidence must be submitted at trial; documents attached to briefs and statements made therein do not constitute evidence and will not be considered by the Court. Rule 143(b); Evans v. Commissioner, 48 T.C. 704, 709 (1967), affd. per curiam 413 F.2d 1047 (9th Cir. 1969); Lombard v. Commissioner, T.C. Memo. 1994-154, affd. without published opinion 57 F.3d 1066 (4th Cir. 1995). Accordingly, these documents are not in evidence, and we sustain respondent's determination regarding the depreciation expenses.

### 3. Office Supplies and Dues and Subscriptions

Petitioner claimed $449.13 in office supplies and $1,162 for dues and subscriptions. These expenses are deductible by

petitioner as they are ordinary and necessarily incurred as part of petitioner's duties as vice president of Craft-Barnett and to maintain an office pursuant to the corporate resolution.

### 4. Post Office Box Rental

Petitioner incurred an expense of $250 for the rental of a post office box. The post office box was used for Craft-Barnett, Abilene Investment Properties, Inc., and ROC FLP. Accordingly, petitioner can only deduct one-third of the $250 expense as this expense is incurred as part of petitioner's responsibility to maintain an office. The other two-thirds relate to Abilene Investment Properties, Inc., and ROC FLP, and petitioner has not proved that he was required to incur this expense on behalf of these entities or that this was an unreimbursed employee business expense of these entities.

### III. Expenses Not Related to Craft-Barnett

Petitioner claimed $3,300 in legal fees on the return for attorney's fees in settlement of certain expenses involving the transfer of M.E. Moses stock.

Whether an ordinary and necessary litigation expense is deductible under section 162(a) or 212 depends on the origin and character of the claim for which the expense was incurred and whether the claim bears a sufficient nexus to the taxpayer's business or income-producing activities. See Woodward v. Commissioner, 397 U.S. 572 (1970); United States v. Gilmore, 372

U.S. 39, 44-45 (1963); see also Peckham v. Commissioner, 327 F.2d 855, 856 (4th Cir. 1964), affg. 40 T.C. 315 (1963); Guill v. Commissioner, 112 T.C. 325 (1999). Ordinary and necessary litigation costs are generally deductible under section 162(a) when the matter giving rise to the costs arises from, or is proximately related to, a business activity. See Woodward v. Commissioner, supra; Kornhauser v. United States, 276 U.S. 145, 153 (1928). Litigation costs must be "attributable to a trade or business carried on by the taxpayer" in order to be deductible as a business expense. Sec. 62(a)(1); see Guill v. Commissioner, supra.

The ascertainment of a claim's origin and character is a factual determination that must be made on the basis of the facts and circumstances out of which the litigation arose. See United States v. Gilmore, supra at 47-49. The most important factor to consider is the circumstances out of which the litigation arose. See Guill v. Commissioner, supra; Boagni v. Commissioner, 59 T.C. 708 (1973). In passing on this factor, the fact finder must take into account, among other things, the allegations set forth in the complaint, the issues which arise from the pleadings, the litigation's background, nature, and purpose, and the facts surrounding the controversy. See Davis v. Commissioner, T.C. Memo. 1999-250; see also Guill v. Commissioner, supra; Boagni v. Commissioner, supra at 713.

Petitioner's legal expense of $3,300 pertaining to settlement of a case involving M.E. Moses stock was properly denied by respondent. As petitioner's investments in M.E. Moses were through ROC FLP, this litigation expense arose through petitioner's membership in the partnership and therefore is not directly related to petitioner's individual business or income-producing activities. This expense properly belongs to the partnership. Partnerships constitute separate entities, distinct from their partners, in determining the character of income and deductibility of business expenses. Sec. 703; United States v. Basye, 410 U.S. 441, 448 (1973). A partnership must report its income and expenses on an aggregate approach, and once these amounts are ascertained, the partnership form is disregarded, and the income and expenses flow through to the individual partners. United States v. Basye, supra.

Therefore, while petitioner may be able to deduct a portion of this expense through the partnership, the expense must first be aggregated with other partnership income and expenses and then distributed to the partners. To be deductible, business expenses must be the expenses of the taxpayer claiming the deduction. Hewett v. Commissioner, 47 T.C. 483, 488 (1967). Petitioner cannot convert the expense into one of his own simply by agreeing to pay for it personally. Accordingly, respondent's determination on this issue is sustained.

Petitioner also claimed $1,350 in professional and legal fees, consisting of $1,000 in legal and accounting fees paid for business document review and preparation of petitioners' tax return and $350 in legal fees paid for the preparation and filing of a Plea of Abatement regarding property taxes. These fees are deductible under section 212(3) as they are "in connection with the determination, collection, or refund of any tax", but they are only deductible as a miscellaneous itemized deduction to the extent the aggregate of such deductions exceeds 2 percent of adjusted gross income pursuant to section 67.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.