T.C. Summary Opinion 2012-13

UNITED STATES TAX COURT

SAMUEL C. AND LINDA P. JOHNSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20072-08S.          Filed February 2, 2012.

<u>Kathryn S. Crawford</u>, for petitioners.

<u>Brandon S. Cline</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in

issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency to petitioners in which he determined the following deficiencies, additions to tax, and penalty:

| | | Additions to Tax and Penalty | |
| Year | Deficiency | 6651(a)(1) | 6662(a) |
| 2003 | $11,695 | $2,769 | $2,339 |
| 2004 | 975 | 244 | -0- |
| 2005 | 9,972 | -0- | -0- |

After concessions,[1] the issues for decision are whether petitioners are: (1) Entitled to a loss deduction of $1 million for 2003 and corresponding net operating loss (NOL) carryforwards for 2004 and 2005; (2) liable for a section 6651(a)(1) addition to tax for 2003 and 2004; and (3) liable for a section 6662(a) accuracy-related penalty for 2003.

---

[1]Petitioners and respondent signed a stipulation of settled issues. For 2003 petitioners concede that they: (1) Failed to file their Federal income tax return timely; (2) failed to report taxable rental income of $12,000; (3) failed to report cancellation of debt income of $2,024; and (4) failed to report on Schedule C, Profit or Loss From Business, income of $18,179. For 2004 petitioners concede: (1) That they failed to file their Federal income tax return timely; (2) that they failed to report taxable rental income of $13,875; and (3) that they were liable for a computational adjustment to their claimed medical expense deduction that was based on an increase in adjusted gross income. For 2005 petitioners concede: (1) That they failed to report ordinary income of $46,979; and (2) that they were liable for computational adjustments to their claimed medical expense deduction and claimed earned income credit that were based on an increase in adjusted gross income.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioners resided in Alabama when they filed their petition.

Johnson & Associates Mortgage Co., Inc. (Johnson & Associates), was incorporated in Delaware on December 28, 1990. It was a full-service mortgage company that originated, underwrote, closed, and serviced single-family residential mortgages. Johnson & Associates' initial capital was 5,000 shares of stock with a par value of $1 per share. On April 6, 1992, Johnson & Associates filed for a certificate of authority to conduct business in Alabama as a foreign corporation. The application for the certificate reflects 1,014 issued shares.

Mr. Johnson (petitioner) was the president, chief operating officer, and chief executive officer of Johnson & Associates. He was a salaried employee of Johnson & Associates, and upon its incorporation his compensation included a monthly salary of $10,000 plus bonuses. Petitioner and his father were Johnson & Associates' majority shareholders. Johnson & Associates took out lines of credit with several banks in Birmingham, Alabama, including Regions Bank (Regions). The line of credit from Regions was used for operating capital.

Johnson & Associates began to experience financial difficulties in either 2000 or 2001. It did not pay petitioner a salary at that time because it did not have enough profits to pay his salary and other employees' salaries.

In 2001 Regions called for payment of Johnson & Associates' line of credit after the debt reached over $1 million. Petitioner and his father negotiated a new promissory note with Regions on July 13, 2001. Under the new agreement petitioner in his personal capacity, his father, and petitioner as president of Johnson & Associates are listed as the borrowers on a Regions promissory note for $1,023,977.52. The loan called for interest-only payments until after petitioner's father's death. Several mortgages held by Johnson & Associates and a $500,000 life insurance policy that petitioner's father owned and that petitioner was the beneficiary of were given as collateral for the loan.

Petitioner's father died on October 6, 2003. In December 2003 the life insurance company issued a check to Regions for $510,775.28. In January 2004 petitioner signed another promissory note for $506,558.90 with Regions. Petitioner signed the promissory note in his individual capacity, as executor of his father's estate, and as president of Johnson & Associates. This promissory note also called for accrued interest-only payments and was secured by the same mortgages that served as

collateral for the first promissory note. The maturity date of the second promissory note was July 23, 2004, at which time the unpaid principal balance and accrued interest would be due. On July 24, 2004, petitioner wrote a personal check to Regions to pay the balance of the second promissory note. The funds to pay the second promissory note were obtained from petitioner's personal checking account, his inheritance from his father's estate, and loans from his children.

Petitioners reported a loss of $960,902 on line 21, Other income, of their 2003 Form 1040, U.S. Individual Income Tax Return. "SEE STATEMENT 1" is typed on line 21 of Form 1040. Statement 1, Form 1040, line 21, Other income, lists petitioners' other income as the following:

| Description | Amount |
| --- | --- |
| NOL carryover to 2001 | ($25,943) |
| Murphy & Johnson I, LLC | 16,000 |
| Bank One--debt cancellation | 15,992 |
| Chase--debt cancellation | 7,148 |
| MBNA--debt cancellation | 29,746 |
| Operating loss Johnson & Associates | (1,000,000) |
| Less expenses 10,681 miles | (3,845) |
| Total | (960,902) |

Petitioners reported an NOL carryover of $953,405 on line 21 of their 2004 Form 1040. The statement 1 accompanying the 2004 return is for Schedule E, Supplemental Income and Loss, and does not include any additional information concerning the NOL. Only

page 2 of Schedule E is attached to the return.  No other statements accompany the return.

Petitioners reported a loss of $901,623 on line 21 of their 2005 Form 1040.  "SEE STATEMENT 1" is typed on line 21. Statement 1 lists petitioners' other income as the following:

| Description | Amount |
|---|---|
| Debt cancellation--USAA Savings | $7,698 |
| Hare, Wynn Newell and Newton | 30,838 |
| Prior year NOL | (940,159) |
| Total | (901,623) |

Respondent issued petitioners a notice of deficiency for 2003, 2004, and 2005 that disallowed their initial loss claim for 2003 and their NOL carryforwards for 2004 and 2005.  Respondent also determined that petitioners were liable for a section 6651(a)(1) addition to tax for 2003 and 2004 and a  section 6662(a) accuracy-related penalty for 2003.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a).  Petitioners did not argue or present evidence that they satisfied the requirements of section 7491(a). Therefore, there is no burden shift under section 7491.

I.   <u>The 2003 Loss Claim and the 2004 and 2005 NOL Carryforwards</u>

Petitioners argue that they should be allowed a deduction for a bad debt because petitioner had to personally "guarantee" both of the promissory notes.

Petitioners' argument that the loan payments constitute a bad debt is wrong.  Petitioner was listed as a separate borrower on both of the Regions promissory notes.  He was not a guarantor of the loans but instead was primarily liable for each of them in his personal capacity.  "'Deductions are not permitted on account of the repayment of loans.'"  <u>Brenner v. Commissioner</u>, 62 T.C. 878, 883 (1974) (quoting <u>Crawford v. Commissioner</u>, 11 B.T.A. 1299, 1302 (1928)).

Deductions are allowed under section 162 for the ordinary and necessary expenses of carrying on an activity that constitutes the taxpayer's trade or business.  <u>Gantner v. Commissioner</u>, 91 T.C. 713, 725 (1988), affd. 905 F.2d 241 (8th Cir. 1990); <u>Hewett v. Commissioner</u>, 47 T.C. 483, 488 (1967).  The performance of services as an employee constitutes a trade or business.  <u>O'Malley v. Commissioner</u>, 91 T.C. 352, 363-364 (1988). When deciding which taxpayer, an individual or a corporation, is entitled to deduct certain expenses, it is important to remember that a corporation is a separate entity from its shareholders for tax purposes.  See <u>Moline Props., Inc. v. Commissioner</u>, 319 U.S. 436 (1943).

It is well established that officers, employees, or shareholders may not deduct the payment of corporate expenses on their individual returns. Craft v. Commissioner, T.C. Memo. 2005-197 (citing Deputy v. du Pont, 308 U.S. 488, 494 (1940), Noland v. Commissioner, 269 F.2d 108 (4th Cir. 1959), affg. T.C. Memo. 1958-60, and Rink v. Commissioner, 51 T.C. 746, 751 (1969)). "Such payments constitute either capital contributions or loans to the corporation and are deductible, if at all, only by the corporation." Gantner v. Commissioner, supra at 725 (citing Deputy v. du Pont, supra at 494, and Rink v. Commissioner, supra at 751).

During his testimony, petitioner often referred to the "royal we" when discussing whether he, his father, or Johnson & Associates took certain actions. Petitioner introduced no evidence that the payment of the loan was an ordinary and necessary expense related to his trade or business of being an employee of Johnson & Associates. Petitioner testified that he "felt a moral obligation, in addition to the legal obligation" to repay the loan and that he did not want to ruin his name and reputation in the real estate community. The repayment of the loan does not morph into a deductible expense just because petitioner made the payment to protect his reputation. See Brenner v. Commissioner, supra at 883. Even if petitioner had paid off the loan to protect his equity interest in Johnson &

Associates, the payments would be capitalized and not considered deductible expenses to petitioner.  See <u>Craft v. Commissioner</u>, <u>supra</u>.

Petitioner has failed to prove that the repayment of the Regions loan was any more than that, the repayment of a loan. Therefore, respondent's determination to disallow the 2003 loss claim and subsequent 2004 and 2005 NOL carryforwards is sustained.[2]

II.  <u>Additions to Tax and Accuracy-Related Penalty</u>

A.   <u>Section 6651(a)(1) Additions to Tax for Failure To File Tax Return Timely</u>

Petitioners concede that they failed to file their 2003 and 2004 returns timely.  A taxpayer will not be responsible for an addition to tax under section 6651(a)(1) if the taxpayer can show that the failure to file was due to reasonable cause and not due to willful neglect.  <u>United States v. Boyle</u>, 469 U.S. 241, 245-246 (1985).  Reasonable cause exists when a taxpayer exercises ordinary business care and prudence and is nonetheless unable to file his or her return within the date prescribed by law.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Willful neglect is defined as a "conscious, intentional failure or reckless indifference."  <u>United States v. Boyle</u>, <u>supra</u> at 245.

---

[2]Because the Court finds that petitioners did not incur losses that might give rise to NOLs, we need not discuss whether petitioners properly elected to waive their NOL carrybacks before claiming NOL carryforwards.

Petitioners did not provide any evidence that their failure to file their 2003 and 2004 returns timely was due to reasonable cause and not due to willful neglect. Accordingly, respondent's determination of the failure to file additions to tax for 2003 and 2004 is sustained.

B. Section 6662(a) Accuracy-Related Penalty

Section 6662(a) and (b)(2) imposes a 20-percent accuracy-related penalty on the portion of an underpayment that is attributable to a substantial understatement of income tax.[3] An understatement of income tax is the excess of the amount of income tax required to be shown on the return for the taxable year over the amount of income tax that is shown on the return, reduced by any rebate. See sec. 6662(d)(2)(A). An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000. See sec. 6662(d)(1)(A).

The Commissioner bears the burden of production with respect to the applicability of an accuracy-related penalty determined in a notice of deficiency. Sec. 7491(c). In order to meet that burden, the Commissioner need only make a prima facie case that imposition of the penalty is appropriate. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once that burden is met,

---

[3]The Court need not determine whether petitioners are liable for the accuracy-related penalty due to negligence.

the taxpayer bears the burden of proving that the accuracy-related penalty does not apply because of reasonable cause, substantial authority, or the like. Secs. 6662(d)(2)(B), 6664(c); Higbee v. Commissioner, supra at 449. Respondent has met his burden of production for an accuracy-related penalty based on a substantial understatement of income tax because petitioners' understatement of income tax exceeds $5,000.

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith. The most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Id.

Petitioners provided no evidence that they acted in good faith and with reasonable cause. Additionally, petitioners conceded that they failed to report tens of thousands of dollars of income for the years in issue. Accordingly, respondent's determination of the accuracy-related penalty is sustained.

We have considered the parties' arguments, and, to the extent not mentioned, we conclude the arguments to be moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.