T.C. Summary Opinion 2012-84

UNITED STATES TAX COURT

KUMAR ANTHONY PERIES AND JANNA ISKAKOVA PERIES, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 7928-09S, 23184-10S.        Filed August 27, 2012.

Kumar Anthony Peries and Janna Iskakova Peries, pro sese.

Michael A. Raiken, for respondent.

SUMMARY OPINION

DEAN, Special Trial Judge:  These consolidated cases were heard pursuant

to the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent for

any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued two notices of deficiency (notices) to petitioners--one for petitioners' joint Federal income tax return for 2005 and one for petitioners' joint Federal income tax return for 2006 and petitioner Kumar Peries' married filing separately Federal income tax return for 2007. Respondent determined deficiencies of $7,965 and $9,968 for 2005 and 2006, respectively, against petitioners and a deficiency of $4,943 for 2007 against Mr. Peries. Additionally, respondent determined that petitioners are liable for accuracy-related penalties under section 6662(a) of $1,593 and $1,993.60 for 2005 and 2006, respectively, and that Mr. Peries is liable for the section 6662(a) accuracy-related penalty of $988.60 for 2007.

After concessions,[1] the issues[2] for decision are: (1) whether petitioners are entitled to claimed deductions on Schedules A, Itemized Deductions, for 2005 and 2006; (2) whether Mr. Peries is entitled to claimed deductions on Schedule A for 2007; (3) whether petitioners are liable for section 6662(a) accuracy-related penalties for 2005 and 2006; and (4) whether Mr. Peries is liable for the accuracy-related penalty for 2007.[3]

---

[1]Respondent determined that Mr. Peries had unreported dividend income of $32, decreased his State refunds, credits, or offsets by $20, and denied him a dependency exemption deduction for 2007. Mr. Peries did not address these issues in his petition. These issues are deemed conceded by him. See Rule 34(b)(4).

[2]Other adjustments made in the notice of deficiency are computational and will not be discussed.

[3]In his pretrial memorandums respondent stated that petitioner Janna Peries requested innocent spouse relief for 2005 and 2006 on May 21, 2009, that that request was denied on August 11, 2009, and that her request for relief was in issue in these cases. Mrs. Peries did not testify at trial. There is no evidence in the record that she requested innocent spouse relief or requested such relief as a defense to the determined deficiencies for 2005 and 2006. The Court finds that neither a review of denial of innocent spouse relief by respondent nor a pleading of innocent spouse relief as a defense to the proposed deficiencies is before us in docket Nos. 7928-09S and 23184-10S.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioners resided in Maryland when they filed their petitions.

Mr. Peries has a computer science degree from the University of Maryland. He filed articles of incorporation for Information Technology Consortium, Inc. (ITC), on July 20, 1988, and again on December 7, 1996. The Internal Revenue Service assigned ITC an employer identification number. During the years in issue Mr. Peries performed information technology work as an employee of the U.S. Department of State, Bureau of Consular Affairs (State Department).

In 2005 and 2006 Mrs. Peries performed the duties of a registered nurse as an employee of the U.S. Department of Health and Human Services, National Institutes of Health (DHHS). She also held a real estate license and worked as a real estate agent for Long & Foster.

For 2005 and 2006 petitioners timely filed their joint Federal income tax returns. On their 2005 Schedule A they claimed, inter alia, charitable contribution deductions of $3,800 and miscellaneous itemized deductions of $31,320.[4]

---

[4]All of petitioners' claimed miscellaneous itemized deductions take into account the 2% floor of sec. 67(a).

On their 2006 Schedule A petitioners claimed, inter alia, charitable contributions of $5,780 and miscellaneous deductions of $35,506.

On his 2007 Schedule A Mr. Peries claimed, inter alia, miscellaneous deductions of $33,688.

Respondent sent petitioners the notices, which disallowed: (1) for 2005, $560 of their claimed deduction for charitable contributions and all of their claimed miscellaneous deductions; (2) for 2006, $2,350 of their claimed deduction for charitable contributions and all of their claimed miscellaneous deductions for 2006; and (3) for 2007, all of Mr. Peries' claimed miscellaneous deductions. Respondent also determined that petitioners are liable for accuracy-related penalties under section 6662(a) for 2005 and 2006 and that Mr. Peries is liable for the section 6662(a) accuracy-related penalty for 2007.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioners did not argue or present evidence that they satisfied the

requirements of section 7491(a).  Therefore, petitioners bear the burden of proof with respect to the issues in the notices of deficiency.

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed.  Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Segel v. Commissioner, 89 T.C. 816, 842 (1987) (credits, like deductions, are a matter of legislative grace). Additionally, a taxpayer must substantiate all expenses.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976).

I.    Petitioners' 2005 Deductions

Respondent disallowed a portion of petitioners' claimed charitable contributions and all of their claimed miscellaneous deductions for 2005.  All of petitioners' claimed miscellaneous deductions were for unreimbursed employee business expenses.

A.    Deduction for Charitable Contributions

A deduction for charitable contributions is allowed under section 170. Respondent disallowed $560 of petitioners' deduction for charitable contributions

because petitioners could not verify that they were entitled to a deduction in that amount.

The evidence petitioners presented at trial substantiated a deduction for charitable contributions of $3,240 for 2005--the amount respondent allowed. Therefore, respondent's determination to disallow petitioners' deduction for charitable contributions of $560 is sustained.

B.      Deduction for Unreimbursed Employee Business Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Generally, no deduction is allowed for personal, family, or living expenses. See sec. 262. The performance of services as an employee is considered a trade or business for section 162 purposes. Primuth v. Commissioner, 54 T.C. 374, 377 (1970).

In order to deduct unreimbursed employee business expenses, a taxpayer must not have received reimbursement and must not have had the right to obtain reimbursement from his employer. Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533.

Section 6001 and its regulations require a taxpayer to maintain records sufficient to permit verification of income and expenses. Some expenses can be

estimated by the Court if there is a basis upon which an estimate can be made. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Travel expenses, including amounts for meals and lodging, entertainment expenses, and expenses with respect to listed property, however, must be substantiated by adequate records or sufficient evidence corroborating the taxpayer's own statement showing the: (1) amount of each expenditure, (2) time and place of the travel or entertainment, (3) business purpose of the expense, and (4) in the case of entertainment expenses, the business relationship to the taxpayer of the person being entertained. Sec. 274(d); sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). A passenger automobile is listed property. Sec. 280F(d)(4).

To satisfy the adequate records requirement of section 274(d), the taxpayer shall maintain an account book, a diary, a log, a statement of expense, trip sheets, or similar record and documentary evidence that in combination are sufficient to establish each element of the expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). If a taxpayer does not have adequate records to substantiate each element of an expense, he may alternatively establish an element by "his own statement, whether written or oral, containing

specific information in detail as to such element," and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

Petitioners provided no credible evidence to substantiate most of their claimed deductions for unreimbursed employee business expenses. They provided copies of several bills that were in the names of individuals other than themselves. Petitioners submitted as evidence Cavalier Telephone bills for a residential line in the name of Vatalyi Iskakova, Comcast bills in the name of Vatalyi Iskakova, and Pepco bills in the name of Edward Peries.

Petitioners also provided carbon copies of checks they claim were for business expenses of Mr. Peries. The checks' memo lines include statements such as: "Ebay: 5787064619", "Barrister Fee 2005", "Legal Asst. 2005", "Meter Fee", and "Flag Fee". Mr. Peries did not testify as to how any of these expenses related to his job as an employee of the State Department.[5]

---

[5]It is possible that the expenses were related to ITC, which Mr. Peries planned to devote his time to after he retired from the State Department. If that was the case, the expenses might be deductible by ITC and not petitioners. See Craft v. Commissioner, T.C. Memo. 2005-197 (citing Deputy v. du Pont, 308 U.S. 488, 494 (1940), Noland v. Commissioner, 269 F.2d 108 (4th Cir. 1959), aff'g T.C. Memo. 1958-60, and Rink v. Commissioner, 51 T.C. 746, 751 (1969)). "Such payments constitute either capital contributions or loans to the corporation and are deductible, if at all, only by the corporation." Gantner v. Commissioner, 91 T.C. 713, 725

(continued...)

Petitioners also submitted a mileage log for each of them and receipts for vehicle repair expenses. Mr. Peries' log is totaled monthly for 2005 and lists his destinations as "various" and the purpose of his travel as "business". Mrs. Peries' log is totaled monthly for 2005 and does not list any specific locations to which she traveled. Petitioners' receipts for vehicle repairs and maintenance list no business purposes, and petitioners did not testify at trial as to how the maintenance and repair receipts related to their positions as employees for their respective employers or to Mrs. Peries' real estate activities. Petitioners' mileage logs and receipts for vehicle repairs and maintenance fail to meet the strict substantiation requirements of section 274(d) and its regulations.

Petitioners also submitted as evidence the monthly bills for three credit card accounts and their bank statements for 2005. The bank statements and the monthly bills for two of the credit cards accounts were simply lists of expenditures--and deposits in the case of the bank statements--with nothing to identify the purpose of the expenditures. Petitioners offered no testimony at trial as to how the bank statements and the statements for the two credit card accounts substantiated their

[5](...continued)
(1988) (citing <u>Deputy v. du Pont</u>, 308 U.S. at 494, and <u>Rink v. Commissioner</u>, 51 T.C. at 751), <u>aff'd</u>, 905 F.2d 241 (8th Cir. 1990).

expenses. The Court will not sift through the voluminous documents to attempt to match the evidence to respondent's adjustments. See, e.g., Hale v. Commissioner, T.C. Memo. 2010-229.

One credit card account's monthly statements did have certain expenses highlighted that petitioners claimed were unreimbursed employee business expenses. Most of these expenses were for amounts paid to the post office, Federal Express, bookstores and other retail outlets. Petitioners did not prove that those expenses were not personal expenses. Therefore, the expenses are not deductible. See sec. 262.

Four of the highlighted entries are expenses related to Mrs. Peries' employment at either DHHS or her work with Long and Foster[6]-the expenses were $56.75 paid to the "MD Board of Nursing", two charges of $165 paid to "MRIS Inc.", and $443 paid to the "Greater Capital Area Association of Realtors". She also had an expense of $26.25 paid to the Long and Foster Institute.

---

[6]It is not clear from the record whether Mrs. Peries was an employee or an independent contractor for Long and Foster. One may work in either capacity as a real estate agent. See Kindred v. Commissioner, T.C. Memo. 1979-457, aff'd, 669 F.2d 400 (6th Cir. 1982). Petitioners reported the expenses related to Long and Foster on Schedules A. Mrs. Peries earned no income from Long and Foster and did not file a Schedule C, Profit or Loss From Business, for any year in issue.

Although petitioners substantiated that Mrs. Peries paid these expenses, they provided no evidence of either DHHS' or Long and Foster's reimbursement policies. Petitioners did provide a letter from Long and Foster that states it did not reimburse Mrs. Peries for any expenses in 2005, 2006, or 2007. The letter does not mention Long and Foster's reimbursement policy or whether Mrs. Peries could have been reimbursed for her expenses. Petitioners have not proved that Mrs. Peries was not entitled to reimbursement by DHHS or Long and Foster. See Orvis v. Commissioner, 788 F.2d at 1408. Therefore, petitioners are not entitled to a deduction for the unreimbursed business expenses described supra.

Respondent's determination for 2005 is sustained.

II.     Petitioners' Claimed Deductions for 2006 and Mr. Peries' Claimed Deductions for 2007

Respondent disallowed petitioners' claimed deduction for charitable contributions of $2,350 and all of their claimed miscellaneous deductions for 2006. He also disallowed all of Mr. Peries' claimed miscellaneous deductions for 2007.

Petitioners presented no evidence to substantiate the disallowed deductions for 2006 and 2007. When the Court questioned Mr. Peries about whether he had evidence to substantiate the claimed deductions for 2006 and 2007, he answered that they definitely had the documents but did not bring them to court.

Respondent's determinations for 2006 and 2007 are sustained.

III.    Accuracy-Related Penalties Under Section 6662(a)

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on the portion of an underpayment that is attributable to negligence or disregard of rules or regulations or a substantial understatement of income tax.[7]  The Commissioner bears the burden of production with respect to the applicability of an accuracy-related penalty determined in a notice of deficiency.  Sec. 7491(c).  In order to meet that burden, the Commissioner need only make a prima facie case that imposition of the penalty is appropriate.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once that burden is met, the taxpayer bears the burden of proving that the accuracy-related penalty does not apply because of reasonable cause, substantial authority, or the like.  Secs. 6662(d)(2)(B), 6664(c); Higbee v. Commissioner, 116 T.C. at 449.

Respondent determined that petitioners were liable for section 6662(a)(1) accuracy-related penalties of $1,593 and $1,993.60 for 2005 and 2006, respectively.

---

[7]Because the Court finds that Mr. and Mrs. Peries were negligent, the Court need not discuss their substantial understatements of income tax.  See New Phoenix Sunrise Corp. & Subs. v. Commissioner, 132 T.C. 161, 187 (2009) (only one accuracy-related penalty may be imposed on an underpayment, even if the underpayment is attributable to more than one of the types of listed conduct), aff'd, 408 Fed. Appx. 908 (6th Cir. 2010); sec. 1.6662-2(c), Income Tax Regs.

Respondent also determined that Mr. Peries was liable for an accuracy-related penalty of $988.60 for 2007.

For purposes of section 6662, negligence is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard includes any careless, reckless, or intentional disregard. Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985) (negligence is lack of due care or failure to do what a reasonably prudent person would do under the circumstances); sec. 1.6662-3, Income Tax Regs. Negligence also includes any failure to exercise ordinary and reasonable care in the preparation of a tax return or any failure to keep adequate books and records and to properly substantiate items. Sec. 1.6662-3(b)(1), Income Tax Regs.

Respondent has met his burden of production because petitioners claimed thousands of dollars of deductions for expenses that they could not substantiate or that they did not prove were not reimbursable by their employers.

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable

cause and in good faith.  The most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability.  Id.

Mr. Peries testified repeatedly that he and his wife were "working people" who pay their taxes timely.  Apart from that statement, petitioners provided no evidence that they acted with reasonable cause and in good faith.  In fact, they provided little substantiation for expense deductions claimed for 2005 and no substantiation for the expense deductions they claimed for 2006 and the expense deductions Mr. Peries claimed for 2007.  Therefore, respondent's determinations of accuracy-related penalties against petitioners for 2005 and 2006 and against Mr. Peries for 2007 are sustained.

We have considered all of  petitioners' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.