T.C. Memo. 2010-157

UNITED STATES TAX COURT

DANIEL FEASTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2296-09.                    Filed July 22, 2010.

Daniel Feaster, pro se.

<u>David M. McCallum</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $1,387 in petitioner's 2006 Federal income tax.  The issue for decision is whether petitioner was an independent contractor or a common law employee.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in South Carolina at the time that he filed his petition.

From 2002 to 2009, petitioner was an accountant performing field auditing services for Wm. Langer & Associates, Inc., of the Carolinas (Langer), a company engaged in the business of insurance premium audits and inspections. On December 18, 2002, he provided to Langer a completed Form W-4, Employee's Withholding Allowance Certificate. On December 20, 2002, he signed an acknowledgment statement that was part of a Langer employee job description. The job description set forth requirements for, among other things: Time limits on the performance of services for Langer's customers; submission of completed work to Langer's office "a minimum of three times weekly"; quality specifications; control by Langer over customer charges; communication with the Langer office; progress reports; submission of weekly itineraries; closing out cases; pay, based on billable hours, to be increased or decreased based on the employee's "overall job performance"; reimbursement of expenses and an explanation that employees would receive separate checks

for taxable pay and non-taxable reimbursements; and employee
benefits.  The "Description of Job" concluded with the following
statement:

> Employees are sent cases to be completed and these
> cases are to be completed and returned to the office
> within the time restraints, with the quality and time
> charges as shown in the above paragraphs.  Federal,
> State, County and City taxes will be deducted from the
> employee pay as determined by the state in which they
> are domiciled.

Immediately beneath the concluding job description, the
acknowledgment statement petitioner executed stated:  "I have
fully read and understand the expectations of this Company in
regard to my job description and agree to follow these guidelines
as established by Langer & Associates, Inc.".

During 2006, Langer paid petitioner $29,615 in wages and
withheld $1,915 for Federal income tax, $1,836.13 for Social
Security tax, and $429.42 for Medicare tax.  Langer reimbursed
petitioner $6,764 for expenses.

On his 2006 Form 1040, U.S. Individual Income Tax Return,
petitioner reported $30,155 of gross receipts and $19,739.01 of
net profits on Schedule C, Profit or Loss From Business.  The
gross receipts included the wages received from Langer.
Petitioner deducted car and truck expenses, office expenses,
travel and meals expenses, and expenses for business use of his
home in arriving at net profit.  He reported $76.30 in self-
employment tax and attached an explanatory statement as follows:

To The Reviewer of My Tax Return:

I claim that only part of my self-employment income is subject to the Self-Employment tax.  the basis of my claim is as follows:

Some of my self-employment income satisfies the first paragraph, of the Internal Revenue Service *2006 Instructions for Schedule SE, Self-Employment Tax* document, under the section "Income and Losses Not Included in Net Earnings From Self-Employment", which reads; "Salaries, fees, etc., subject to social security or Medicare tax that you received for performing services...".

One of my clients deducted fully-matched social security and Medicare tax, from the payments for my services.  The W-2 form attached to my form 1040 in this return, attests to this claim.  My Schedule SE computes the self employment tax on all other self employment income.

In the notice of deficiency, the expenses claimed on

Schedule C were disallowed, with the following explanation:

SCHEDULE C OR SCHEDULE C-EZ EXPENSES USED TO REDUCE INCOME

Only statutory employee income can be offset by expenses reported on Schedule C, Profit or Loss From Business, or Schedule C-EZ.  Since your employer did not indicate on Form W-2, Wage and Tax Statement, that you were a statutory employee, we can not allow the expenses used to offset that income on Schedule C or Schedule C-EZ.

If this is incorrect, please send us a statement from your employer(s) verifying that you are a statutory employee.

If you are not a statutory employee, you must include the income as wages on your tax return. Allowable related expenses on Form 2106, Employee Business Expenses, can be claimed as an itemized deduction on Schedule A.

OPINION

An individual performing services as an employee may deduct expenses incurred in the performance of services as an employee as miscellaneous itemized deductions on Schedule A, Itemized Deductions, to the extent the expenses exceed 2 percent of the taxpayer's adjusted gross income. Secs. 62(a)(2), 63(a), (d), 67(a) and (b), 162(a). Itemized deductions may be limited under section 68 and may have alternative minimum tax implications under section 56(b)(1)(A)(i).

An individual who performs services as an independent contractor is entitled to deduct expenses incurred in the performance of services on Schedule C and is not subject to limitations imposed on miscellaneous itemized deductions. A statutory employee under section 3121(d)(3)(D) is not an employee for purposes of section 62 and may deduct business expenses on Schedule C. See Rosemann v. Commissioner, T.C. Memo. 2009-185; Rev. Rul. 90-93, 1990-2 C.B. 33. Petitioner does not claim that he is a statutory employee, and, in any event, our determination of status would be the same under rules applicable to statutory employees. See, e.g., Rosato v. Commissioner, T.C. Memo. 2010-39.

Petitioner argues that in 2006 he was entitled to deduct business expenses on Schedule C because he was an independent contractor. Respondent contends that petitioner was a common law

employee in 2006. Neither party has identified any dispute as to the expenses petitioner claimed, and petitioner has not presented any evidence of deductions to which he is entitled that respondent has not allowed.

Under these circumstances, we apply common law rules to determine whether the taxpayer is an employee. Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323-325 (1992); Weber v. Commissioner, 103 T.C. 378, 386 (1994), affd. 60 F.3d 1104 (4th Cir. 1995). Whether an individual is an employee must be determined on the basis of the specific facts and circumstances involved. Weber v. Commissioner, 60 F.3d at 1110; Profl. & Exec. Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), affd. 862 F.2d 751 (9th Cir. 1988); Simpson v. Commissioner, 64 T.C. 974, 984 (1975). Relevant factors include: (1) The degree of control exercised by the principal; (2) which party invests in the work facilities used by the worker; (3) the opportunity of the individual for profit or loss; (4) whether the principal can discharge the individual; (5) whether the work is part of the principal's regular business; (6) the permanency of the relationship; (7) the relationship the parties believed they were creating; and (8) the provision of employee benefits. See Weber v. Commissioner, 60 F.3d at 1110, 1114; Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 270 (2001). We consider all of the facts and circumstances of each case, and no single factor is

determinative. Weber v. Commissioner, 60 F.3d at 1110; Ewens & Miller, Inc. v. Commissioner, supra at 270.

Although not the exclusive inquiry, the degree of control exercised by the principal over the worker is the crucial test in determining the nature of a working relationship. See Clackamas Gastroenterology Associates, P.C. v. Wells, 538 U.S. 440, 448 (2003); Leavell v. Commissioner, 104 T.C. 140, 149-150 (1995). To retain the requisite degree of control over a worker, the principal need not direct the worker's every move; it is sufficient if the right to do so exists. Weber v. Commissioner, 60 F.3d at 1110; see sec. 31.3401(c)-1(b), Employment Tax Regs.

Petitioner signed his job description, acknowledging his agreement to follow guidelines established by Langer with respect to time limits for cases to be completed, frequency of submissions of completed work to the office, quality of work, charges to the customer, communication with Langer, status or progress reports, submission of itineraries, and closing cases. Petitioner testified that he was not very good about complying with his obligations under the agreement to communicate with Langer. Nonetheless, we conclude that Langer exercised, or had the right to exercise, control over petitioner in the performance of his services for Langer.

The fact that a worker provides his or her own tools, or owns a vehicle that is used for work, is indicative of

independent contractor status. <u>Ewens & Miller, Inc. v. Commissioner</u>, <u>supra</u> at 271 (citing <u>Breaux & Daigle, Inc. v. United States</u>, 900 F.2d 49, 53 (5th Cir. 1990)). Additionally, maintenance of a home office is consistent with independent contractor status, although alone it does not constitute sufficient basis for a finding of independent contractor status. See <u>Colvin v. Commissioner</u>, T.C. Memo. 2007-157, affd. 285 Fed. Appx. 157 (5th Cir. 2008).

The opportunity for profit or loss indicates nonemployee status. <u>Simpson v. Commissioner</u>, <u>supra</u> at 988. Earning an hourly wage or fixed salary indicates that an employer-employee relationship exists. See <u>Kumpel v. Commissioner</u>, T.C. Memo. 2003-265.

Petitioner testified that he had to provide his own Internet service and that he worked out of his home, incurring office expenses. He acknowledged that he was offered hotel, meal, and vehicle mileage reimbursement and that he was reimbursed for some trip expenses during 2006. He was paid on an hourly basis, and his pay was subject to increase or decrease depending on Langer's assessment of his performance. There is no indication that he had an opportunity for profit or risk of loss from his activities. On balance, none of these factors supports a conclusion that petitioner was an independent contractor.

Where the principal retains the right to discharge a worker, it is indicative of an employer-employee relationship. See Colvin v. Commissioner, supra. Petitioner testified that the relationship could have been terminated at any time.

Where work is part of the principal's regular business, it is indicative of employee status. See Simpson v. Commissioner, supra at 989; Rosemann v. Commissioner, T.C. Memo. 2009-185. Petitioner's auditing services were, so far as the record reflects, the type of services that Langer's business provided.

Permanency of a working relationship is indicative of common law employee status. See Rosemann v. Commissioner, supra. Petitioner worked for Langer 3 years before and 3 years after the year in issue. The lengthy working relationship between petitioner and Langer weighs in favor of petitioner's being a common law employee.

Langer obviously considered petitioner a common law employee. The written agreement is unambiguous in describing the relationship as that of employer/employee, and Langer provided petitioner a Form W-2, Wage and Tax Statement, for 2006 and withheld Federal and State income taxes and Social Security and Medicare taxes from petitioner's pay. See Packard v. Commissioner, 63 T.C. 621, 632 (1975). Petitioner testified that he did not object to withholding from his compensation and agreed to Langer's payroll practices after he was advised that Langer's

accountant had advised employee treatment. He acknowledged that "They never changed the employer-employee records for me", even though he asserted that other auditors were treated as independent contractors before and after he was hired. Unfortunately for petitioner, the most persuasive evidence in this record is the documentation, including the job description that he signed and the tax reporting by Langer. That evidence leads to the conclusion that petitioner was an employee.

Benefits such as health insurance, life insurance, and retirement plans are typically provided to employees. Weber v. Commissioner, 103 T.C. at 393-394. Petitioner admits that those benefits were available to employees who worked extra hours, but he denies that he ever received any of those benefits. The availability of the benefits suggests employee status, but whether or not they were actually paid is not determinative here.

Considering the record and weighing the factors, we conclude that petitioner was a common law employee of Langer in 2006 and he was not entitled to claim deductible expenses on Schedule C.

To reflect the foregoing,

Decision will be entered for respondent.