T.C. Memo. 2014-88

UNITED STATES TAX COURT

LAWRENCE RICHARDS, JR. AND BARBARA JOY RICHARDS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3997-13.                    Filed May 15, 2014.

Charles J. Jamison, for petitioners.

Michael S. Hensley, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge: The petition in this case involves petitioners' Federal

income tax for 2010. In a notice of deficiency dated November 13, 2012,

respondent determined a deficiency of $4,423 resulting from an increase in wage

income of $17,814 and a reduction in interest income of $225 due to an early

[*2] withdrawal penalty. Petitioners resided in California at the time their petition was filed.

FINDINGS OF FACT

Petitioner wife Ms. Richards began working as a loan officer in 1991. On October 1, 2009, she began working as a real estate loan officer for Prospect Mortgage, LLC (Prospect). Ms. Richards had a number of complaints regarding her work environment at Prospect, which resulted in her resignation in September 2010. As part of her employment at Prospect Ms. Richards had signed three contracts: an "Employee Agreement Regarding Outside Sales Activities", a "Loan Officer Compensation Plan", and a "Loan Officer Employment Agreement".

Section 2 of the Employee Agreement Regarding Outside Sales Activities required Ms. Richards to spend over 50% of her time: (1) traveling to and meeting with customers to sell Prospect's mortgage products or (2) attending trade shows or sales conferences in order to promote Prospect's mortgage products. Section 2.11 of the Loan Officer Employment Agreement, entitled "Reimbursement of Expenses", provided:

> Employee shall be provided an expense reimbursement allowance equal to 5 bps (.0005) of the 1st Point of Revenue for each loan (except brokered loans). This expense reimbursement is designed to cover the cost of automobile, phone, and other reasonable and necessary miscellaneous business expenses. If Employee's actual

**[*3]** expenses exceed the reimbursement provided to Employee, Employee can submit itemized statements, receipts, and other required documentation to accounting. The Company will reimburse Employee for any legitimate expense that were necessarily incurred in the performance of Employee's duties that exceed the reimbursement allowance.

In 2010 Ms. Richards traveled to New Orleans to attend a Keller Williams marketing reunion, which featured various educational courses and networking opportunities. According to Ms. Richards the trip cost approximately $2,100. Prospect reimbursed Ms. Richards' immediate manager, David Stapleton, for the cost of his trip, but declined her oral request for reimbursement. Ms. Richards believed that Prospect denied her reimbursement request because she was still a "probationary person" who had not yet made any sales. After her reimbursement request for the New Orleans trip had been denied, Ms. Richards did not make any further requests for reimbursement of expenses.

Ms. Richards testified that she incurred a number of expenses as a real estate loan officer. She maintained a home office, which consisted of a fax machine, a computer, and a cell phone; paid for various office supplies; maintained subscriptions to the Los Angeles Times and the North County Times; and incurred various advertising expenses. Prospect never reimbursed Ms. Richards for any of her expenses. Ms. Richards kept records of these expenses

[*4] and turned them over to her certified public accountant (C.P.A.) for the preparation of petitioners' 2010 return.

On their 2010 Schedule C, Profit or Loss From Business, petitioners reported $18,044 in gross receipts or sales income, which included $17,814 from Prospect, and $20,803 in business expenses. These business expenses included advertising expenses of $384, vehicle expenses of $9,800, contract labor expenses of $400, depreciation expenses of $824, supplies expenses of $594, travel expenses of $2,147, meals and entertainment expenses of $130, and "other" expenses of $6,524.

Petitioners received a notice of deficiency dated November 13, 2012, which increased their wage income by $17,814 and decreased their interest income by $225 to account for an early withdrawal penalty.

On May 20, 2013, Alan Spiegel, a C.P.A. and petitioners' representative before the IRS Office of Appeals (Appeals), wrote to Appeals stating: "The notice of deficiency stated that the Petitioners failed to report $17,814 in W-2 wages on their 2010 tax return. The discrepancy is due to Petitioner-spouse, (spouse) reporting the wages as Schedule C income * * * instead of reporting it as wages."

At some point the issue of Schedule C expenses became disputed. On September 3, 2013, Appeals sent petitioners a letter stating:

**[*5]** [T]he statement that the disallowance of the Schedule C expenses is an affirmative issue (new) raised by Appeals is without merit; as Appeals is not raising this issue. The issue was raised by you when you stated that the amount of $17,814 was in fact wages received; and that you incorrectly reported this amount on the original return as Gross Receipts on Schedule C. Schedule C expenses can not be taken against wages.

As discussed with your representative today in a telephone conference; the Schedule C expenses are not applicable and cannot be allowed based on the Income reported on Schedule C being wages and not non-employee compensation.

Your representative requested that the expenses reported on the Schedule C are considered Employee Business Expenses (EBE). However, expenses stated on Schedule C may not be applicable as EBE. If you intend to raise the affirmative issue of Employee Business Expenses (EBE); then you must submit the following for my review:

1.    an amended Schedule A;

2.    a completed Form 2106, Employee Business Expense;

3.    a copy of your reimbursement policy from the company that paid you the wages;

4.    and any other documents that you wish considered to support your position that the EBE are allowable unreimbursed expenses paid out of pocket for expenses that are ordinary and necessary pertaining to your occupation.

Petitioners asked Mr. Spiegel to prepare a response to Appeals' letter.

Accordingly, Mr. Spiegel prepared and sent Appeals a revised Schedule A,

**[\*6]** Itemized Deductions; a revised Schedule C; and a Form 2106, Employee

Business Expenses.  Petitioners did not submit an amended return.

OPINION

Ordinarily, the Commissioner's determinations in a notice of deficiency are

presumed correct, and the taxpayer bears the burden of proving that the

determinations are erroneous.  Rule 142(a);[1] Welch v. Helvering, 290 U.S. 111,

115 (1933).  However, if the Commissioner raises a new issue or seeks an increase

in the deficiency, the Commissioner bears the burden of proof as to the new issue

or increased deficiency.[2]  See Rule 142(a)(1).

Petitioners' primary argument is that respondent may not raise any matters

that were not raised in the notice of deficiency.  Petitioners cite no authority which

supports their assertion.  Section 6214(a) provides: "[T]he Tax Court shall have

jurisdiction to redetermine the correct amount of the deficiency even if the amount

so redetermined is greater than the amount of the deficiency, notice of which has

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]An allocation of the burden of proof is relevant only when there is equal evidence on both sides.  Knudsen v. Commissioner, 131 T.C. 185, 189 (2008).  "In a case where the standard of proof is preponderance of the evidence and the preponderance of the evidence favors one party, we may decide the case on the weight of the evidence and not on an allocation of the burden of proof."  Id.

**[*7]** been mailed to the taxpayer, and to determine whether any additional amount, or any addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing." Accordingly, we reject petitioners' argument.

I.      Wage Income

Respondent argues that the $17,814 Ms. Richards received from Prospect constituted wage income rather than business income. Petitioners concede that Ms. Richards received wage income from Prospect, which they erroneously reported on Schedule C.

II.     Schedule C Income and Expenses

Petitioners argue that concurrent with the $17,814 increase in wage income, they are entitled to a $17,814 reduction in Schedule C gross receipts or sales. We agree. Moreover, both parties stipulated that the $17,814 was erroneously reported on Schedule C as gross receipts or sales income.

Respondent argues that the $20,803 petitioners claimed on Schedule C for business expense deductions should be disallowed because the expenses were incurred by Ms. Richards as an employee rather than as an independent contractor for Prospect. Petitioners concede that Ms. Richards was an employee of Prospect. Moreover, Mr. Spiegel admitted at trial that these expenses were erroneously

**[\*8]** reported as Schedule C expenses.  Accordingly, we find that respondent has established that petitioners' claimed Schedule C business expense deductions should be disallowed.  See Rodriguez v. Commissioner, T.C. Memo. 2012-286, at \*22 (holding that unreimbursed employee expenses are properly reportable, if at all, as itemized deductions on Schedule A); Feaster v. Commissioner, T.C. Memo. 2010-157, 100 T.C.M. (CCH) 49, 50 (holding that a common law employee is not entitled to claim business expense deductions on Schedule C).

III.    Schedule A Employee Business Expense

Petitioners argue, however, that their claimed Schedule C business expense deductions should be allowed as Schedule A itemized employee business expense deductions.  Petitioners did not raise this issue in their petition.  Nonetheless, Rule 41(b) provides:  "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."  At trial both parties introduced evidence regarding the expenses Ms. Richards incurred as a Prospect employee and Prospect's reimbursement policy.  Accordingly, we find that the issue of employee business expenses was tried by consent of the parties.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any claimed deductions.  INDOPCO v.

[*9] <u>Commissioner</u>, 503 U.S. 79, 84 (1992). The taxpayer bears the burden of substantiating the amount and purpose of each expense claimed as a deduction, <u>Higbee v. Commissioner</u>, 116 T.C. 438, 440 (2001), and must maintain records relating to such expenses, sec. 6001.

An individual performing services as an employee generally may deduct expenses incurred in the performance of such services as itemized deductions on Schedule A. <u>Rodriguez v. Commissioner</u>, at *14-*15. However, unlike Schedule C deductions, Schedule A itemized deductions are subject to various limitations. <u>Id.</u> For example, employee business expenses can be deducted only to the extent those expenses exceed 2% of the taxpayer's adjusted gross income, sec. 67(a) and (b); may be subject to income limitations, sec. 68; and may have alternative minimum tax implications, sec. 56(b)(1)(A)(i).

Moreover, in order to deduct expenses incurred through the performance of services as an employee, a taxpayer must not have the right to reimbursement for such expenses from his employer. <u>See</u> <u>Orvis v. Commissioner</u>, 788 F.2d 1406, 1408 (9th Cir. 1986) ("Numerous courts have held that an expense is not 'necessary' under § 162(a) when an employee fails to claim reimbursement for the expenses, incurred in the course of his employment, when entitled to do so." (citing <u>Coplon v. Commissioner</u>, 277 F.2d 534, 535 (6th Cir. 1960), <u>aff'g</u> T.C.

**[\*10]** Memo. 1959-34, <u>Heidt v. Commissioner</u>, 274 F.2d 25, 28 (7th Cir. 1959),

<u>aff'g</u> T.C. Memo. 1959-31, and <u>Stolk v. Commissioner</u>, 40 T.C. 345, 356 (1963),

<u>aff'd</u>, 326 F.2d 760 (2d Cir. 1964))), <u>aff'g</u> T.C. Memo. 1984-533.

Prospect's expense reimbursement policy provides for an expense

reimbursement allowance that is calculated on the basis of a loan officer's loan

revenue. With respect to the New Orleans trip, Ms. Richards credibly testified that

she did not have any loan revenue at the time and therefore did not qualify for

reimbursement under Prospect's policy. However, petitioners failed to establish

that Ms. Richards did not have the right to reimbursement with respect to her other

expenses. Petitioners did not introduce evidence of Ms. Richards' loan revenues,

which would have enabled calculation of her expense reimbursement allowance

under the Loan Officer Employment Agreement. In <u>Orvis v. Commissioner</u>, 788

F.2d at 1408, the taxpayer did not seek reimbursement for automobile expenses, to

which he was entitled. In holding that such expenses were not deductible, the

Court of Appeals for the Ninth Circuit reasoned:

> A bright line rule prohibiting deductions for reimbursable expenses
> avoids the difficult inquiry into the taxpayer's knowledge, and gives
> the taxpayer an incentive to determine which expenses are
> reimbursable. The rule also forecloses an avenue for tax
> manipulation by preventing the taxpayer from converting a business
> expense of his company into one of his own simply by failing to seek
> reimbursement. [<u>Id.</u>]

**[*11]** Ms. Richards admitted that, with the exception of the New Orleans trip, she did not request reimbursement for any of her claimed expenses even though she may have been entitled to reimbursement under the Loan Officer Employee Agreement. Consequently, petitioners may not deduct such expenses as employee business expenses.

Although petitioners have established that the expenses Ms. Richards incurred in connection with her New Orleans trip were unreimbursed employee business expenses, our inquiry does not end there. Ms. Richards estimates that her trip to New Orleans cost approximately $2,100. In general, if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount, we may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930) (Cohan rule). In order for the Court to form an estimate, the taxpayer must present sufficient evidence to provide some basis upon which an estimate can be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). The Cohan rule, however, does not apply to expenses listed in section 274(d), and taxpayers must meet special substantiation requirements for these expenses. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd, 412 F.2d 201 (2d Cir. 1969).

**[\*12]** Travel expenses, including meals and lodging away from home, are subject to the specific and more stringent substantiation requirements of section 274(d). To deduct these expenses, the taxpayer must substantiate by adequate records or sufficient evidence to corroborate the taxpayer's own testimony: (1) the amount of the expense; (2) the time and place of the travel or meal expenditure; and (3) the business purpose of the expense. Sec. 274(d). Aside from Ms. Richards' testimony, petitioners have not introduced any evidence to substantiate her New Orleans travel expenses and therefore have failed to meet the strict substantiation requirements of section 274(d).

Any arguments not discussed in this opinion are irrelevant, moot, or lacking in merit.

To reflect the foregoing,

Decision will be entered under Rule 155.