T.C. Memo. 2011-248

UNITED STATES TAX COURT

ELIANA FARIAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13357-10.                    Filed October 24, 2011.

Eliana Farias, pro se.

<u>Priscilla A. Parrett</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $5,178
in petitioner's Federal income tax and an accuracy-related
penalty of $1,035.60 for 2007.  After concessions by both
parties, the issues remaining for decision are whether petitioner
is entitled to additional itemized deductions beyond those
conceded by respondent and whether petitioner is liable for the

accuracy-related penalty under section 6662(a).  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

### FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in California at the time she filed her petition.  During 2007 petitioner's primary employment was as an elementary school teacher with the Los Angeles Unified School District (LAUSD), where she taught classes including health, nutrition, and fitness.  During 2007, under LAUSD's policy, teachers were provided with basic supplies for classroom use, and purchases of anything beyond basic supplies were left to the teacher's discretion.  Petitioner was not reimbursed by LAUSD for any items that she purchased for her classroom.  LAUSD did not have a continuing education requirement that applied to petitioner in 2007.

Petitioner also had two part-time jobs in 2007:  (1) Aerobics instructor and personal trainer at Spectrum Club Holding Co. (Spectrum) and (2) workshop facilitator and liaison for schools at The EduCare Foundation (EduCare).  EduCare's reimbursement policy for 2007 outlined that mileage would be reimbursed at a rate of 20 cents per mile and that employees

would be reimbursed for "very basic office supplies" if they presented receipts.  Petitioner received Forms W-2, Wage and Tax Statement, for 2007 reporting earnings from EduCare of $13,489 and from Spectrum of $1,577.50.

In April 2007 petitioner went on a 10-night cruise, sailing from Venice, Italy, to various locations in the Mediterranean. Including airfare, spa visits and other onboard expenses, and a passport and a visa, the total cost was $8,516.73.  Petitioner did not take classes related to her employment while on the cruise.

Petitioner's 2007 tax return was prepared by a return preparer who received from petitioner the total expenses to claim as deductions on the return without receipts and/or other supporting documents.  On the 2007 tax return, petitioner claimed itemized deductions including unreimbursed employee expenses of $23,268, consisting of qualified educator expenses of $18,378 (including the cost of her April 2007 trip), union and professional dues of $2,223, tax preparation fees of $350, and other education expenses of $2,317.  In the notice of deficiency dated March 23, 2010, the Internal Revenue Service (IRS) disallowed these claimed deductions.

Thereafter, petitioner supplied to the IRS documents, including numerous receipts, that were separated into the following categories:  Clothing, personal wellness, food, travel,

classes, field trips, and supplies. Petitioner has conceded that she is not entitled to claim deductions for the expenses in the categories identified as clothing, personal wellness, and food items. Respondent has conceded that petitioner is entitled to deductions for some of the claimed expenses, including the union and professional dues fees and the tax preparation fees.

## OPINION

The deductions petitioner claimed on her tax return for 2007 that remain at issue are unreimbursed employee expenses consisting of: (1) $4,299 for classes/education; (2) $8,516.73 for travel and $990.47 for field trips; and (3) $8,779.51 for supplies.

A taxpayer bears the burden of proving that he or she is entitled to any deductions claimed. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), affg. T.C. Memo. 1972-133. Generally, a taxpayer must keep records sufficient to establish the amounts of the items reported on his or her Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. Personal expenses are not deductible. Sec. 262.

A taxpayer may deduct unreimbursed employee expenses as an ordinary and necessary business expense under section 162. Lucas v. Commissioner, 79 T.C. 1, 6 (1982). The expenses must be directly or proximately related to the taxpayer's trade or

business.  Deputy v. du Pont, 308 U.S. 488, 493-495 (1940); sec. 1.162-1, Income Tax Regs.  An employee's trade or business is earning his or her compensation, and generally only those expenses that are related to the continuation of employment are deductible.  Noland v. Commissioner, 269 F.2d 108, 111 (4th Cir. 1959), affg. T.C. Memo. 1958-60.  A trade or business expense deduction is not allowable to an employee to the extent that the employee is entitled to reimbursement from an employer.  Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533.  Along with other miscellaneous itemized deductions, unreimbursed employee expenses are subject to the 2-percent limitation of section 67(a).

Claimed Classes/Education Expenses

Education expenses are considered ordinary and necessary business expenses if the education maintains or improves skills required by the taxpayer in his or her employment or meets the express requirements of an employer imposed as a condition for the taxpayer's continued employment, status, or rate of compensation.  Sec. 1.162-5(a), Income Tax Regs.

Petitioner produced one receipt that showed that she paid $2,250 to Morter Health Systems New for a "Professional B.E.S.T. Program" in April 2007.  Petitioner testified that this was a health course but supplied no other evidence regarding this program or how it related to her employment.  Petitioner also

produced a receipt showing that she paid $52 for a beach volleyball course that met on Mondays from April 9 to June 4, 2007. Petitioner did not show that she was required to teach beach volleyball or acquire these skills as a condition of her employment. Because petitioner has failed to fulfill the burden of proving that she is entitled to these purported education expenses, we sustain respondent's disallowance.

Petitioner also contends that she is entitled to the deduction that she claimed for a "WarriorSage, Inc. Illumination Intensive" seminar that she paid for and attended in 2008. Because this expense was not incurred in 2007 it was properly disallowed by respondent.

Claimed Travel Expenses

Under section 274(m)(2), no deduction is allowed "for expenses for travel as a form of education." However, taxpayers may deduct expenses incurred while traveling away from home if the trip is primarily to obtain education that has the requisite relation to the taxpayer's business. Sec. 1.162-5(e)(1), Income Tax Regs. If as an incident of such trip the taxpayer engages in some personal activity such as "sightseeing, social visiting, or entertaining, or other recreation", the portion of the expenses attributable to such personal activities is not deductible pursuant to section 262. Id.

To deduct expenses incurred for travel, meals, and lodging while away from home on job-related education, a taxpayer must satisfy the strict substantiation requirements of section 274(d). Section 274(d) disallows deductions for traveling expenses, including meals and lodging, unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement: (1) The amount of such expense, (2) the time and place such expense was incurred, and (3) the business purpose for which such expense was incurred. See sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Adequate records generally must be written and must be prepared or maintained such that a record of each element of an expenditure or use that must be substantiated is made at or near the time of the expenditure or use when the taxpayer has full present knowledge of each element. See sec. 1.274-5T(c)(2)(ii)(C), Temporary Income Tax Regs., 50 Fed. Reg. 46018 (Nov. 6, 1985). In the alternative, each element of an expenditure or use must be established by the taxpayer's own written or oral statement "containing specific information in detail as to such element" combined with corroborative evidence to establish such element. Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985). Neither a taxpayer nor the Court may estimate permissible deductions that do not satisfy the strict substantiation requirements of section

274(d).  See <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Petitioner produced receipts for the 10-day Mediterranean cruise, including receipts for airfare to and from Italy, onboard expenses, and the costs of obtaining a passport and a visa.  The cruise involved sightseeing, spa visits, and other recreation. The receipts do not show any business purpose behind the expenses and do not satisfy the strict substantiation requirements of section 274(d).  We conclude that the cruise and the associated expenses are nondeductible personal expenses.

Petitioner produced receipts that she claims are for weekend field trips that served as "incentives" for her students.  The receipts are primarily for gasoline purchases and recreational activities, such as movie tickets and two Disneyland admission tickets.  Another receipt, from IMAX California ScienCenter, lists the recipient as "Hooper Avenue Elementary School".  The receipt shows the payment was made by check, but no information about the payor is listed.

Petitioner has neither shown that the expenses for field trips were an ordinary and necessary expense for any of her employers nor submitted evidence sufficient to substantiate these claimed expenses as required by section 274(d).

Claimed Expenses for Supplies

The first $250 of deductions for expenses paid or incurred in connection with books, supplies, computer equipment, other equipment, and supplementary materials used by an eligible educator in the classroom is subtracted from gross income to determine the taxpayer's adjusted gross income. Sec. 62(a)(2)(D). Any substantiated expenses after the first $250 that relate to a taxpayer's employment as a teacher will be allowed as unreimbursed employee expenses. Id. To claim a deduction for teaching supplies, it is not enough that the supplies be helpful to the students and appropriate for use in the classroom; they must also be directly related to the taxpayer's job as a teacher and a necessary expense of being a teacher. See Welch v. Helvering, 290 U.S. 111, 113-114 (1933); Wheatland v. Commissioner, T.C. Memo. 1964-95.

Petitioner produced receipts for supplies totaling $9,361. Respondent has conceded that petitioner is entitled to claim $581.59 of these expenses. Some of the receipts were dated in years other than 2007 and are not relevant for petitioner's 2007 tax return. The remaining claimed expenses, totaling $8,779.51, are divided into the following categories: (1) Student "incentives"; (2) computer; (3) classroom improvement and maintenance; (4) specialty chair and related items; and (5) fitness items.

1.  Claimed Student Incentives Expenses

Petitioner claimed that as a teacher she occasionally used "candy and sugar" as student incentives.  A number of the receipts she offered to substantiate these expenses also include other food items and household goods.  Petitioner also testified that she purchased a U.S. savings bond that was presented to a student in recognition of community service provided to the school.

There is no evidence that the school required the purchase of the candy or the savings bond for petitioner's students.  These expenses were not necessary to petitioner's job; and no matter how well intentioned, gifts to students are not deductible as business expenses.  See Patterson v. Commissioner, T.C. Memo. 1971-234.

Petitioner also produced receipts for purchases of several audio players and testified that they "related" to her fifth-grade classes.  However, petitioner did not explain how the purchase of the audio players for her students was related to the classes she was teaching, whether they were used in the classroom, or whether they were given as gifts to the students.  Accordingly, we sustain respondent's determination that petitioner is not entitled to claim deductions for these expenses.  See Tesar v. Commissioner, T.C. Memo. 1997-207; Wheatland v. Commissioner, supra.

2. <u>Claimed Computer Expense</u>

Petitioner produced a receipt for the purchase of a laptop computer.  Petitioner testified that she used it both at home and at work.

Section 274(d) requires substantiation of any expense incurred or paid with respect to certain listed property.  Listed property includes computers.  Sec. 280F(d)(4).  Petitioner did not provide adequate substantiation of the business use of the computer.  Accordingly, we sustain respondent's disallowance of the deduction for the claimed computer expense.

3. <u>Claimed Classroom Improvement and Maintenance Expenses</u>

Petitioner produced receipts purportedly for various improvements to and maintenance of her classroom.  Petitioner testified that items listed on the receipts from home improvement stores were for supplies to post materials in the classroom and that "we had a sink issue in the classroom that the school was taking too long to fix so then I had to do something about it".  These receipts list items such as batteries, a vacuum, switch plates, door locks, and floor tiles.  Such purchases are not ordinary or necessary expenses for teaching for LAUSD.  See <u>Deputy v. du Pont</u>, 308 U.S. at 494-495; <u>Welch v. Helvering</u>, <u>supra</u> at 113-114.  Petitioner's testimony as to these items was vague and uncorroborated.  She has not shown that the expenses are related to the continuation of her employment.  See <u>Noland v.</u>

<u>Commissioner</u>, 269 F.2d at 111. Thus, we agree with respondent's determination that these claimed expenses are disallowed.

4. <u>Claimed Cost of Specialty Chair and Related Items</u>

Petitioner produced a receipt from Relax The Back store for $2,179.99 for items including a specialty chair, an adjustable headrest, a pillow, and ice/heat pads. Petitioner testified that these items were purchased because of a back injury that she sustained when relocating her classroom from one room to another. These expenses were not an ordinary and necessary expense of her job. See <u>Deputy v. du Pont</u>, <u>supra</u> at 494-495; sec. 1.162-1, Income Tax Regs. (Even if the cost of these items qualified as a medical expense reportable on Schedule A, Itemized Deductions, the total expense is not enough to overcome the 7.5-percent adjusted gross income limitation. See sec. 213(a).)

5. <u>Claimed Expenses for Fitness Items</u>

Petitioner produced receipts from sports and dance stores and testified that these expenses were specifically related to the fitness classes that she taught. Some of the receipts do not describe the item purchased, and petitioner did not explain these items in her testimony. Other receipts identify clothing items.

For the cost of clothing and maintaining such clothing to be deductible as an ordinary and necessary business expense, it must (1) be required or essential in the taxpayer's employment,

(2) not be suitable for general or personal wear, and (3) not be so worn.  <u>Yeomans v. Commissioner</u>, 30 T.C. 757, 767 (1958).

Petitioner testified that she purchased the fitness clothing for work, but she never stated (and there is no evidence) that the clothing was unsuitable for general or personal wear or that it was not used away from work.  We conclude that petitioner is not entitled to deduct the expenses claimed for fitness items.

<u>Accuracy-Related Penalty</u>

Section 6662(a) and (b)(1) and (2) imposes a 20-percent accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations or substantial understatement of income tax.  Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and defines disregard as any careless, reckless, or intentional disregard.  Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation.  Sec. 1.6662-3(b)(2), Income Tax Regs.  A substantial understatement of income tax exists if the understatement exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).

Under section 7491(c) the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalties are inappropriate because of reasonable cause or substantial authority. See Rule 142(a); Higbee v. Commissioner, supra at 446-447. Because of respondent's concessions, petitioner's deficiency will not be a substantial understatement; however, respondent asserts that the penalty is applicable because of petitioner's negligence and disregard of rules and regulations.

Respondent has met the burden of production that petitioner's underpayment of tax is attributable to negligence or disregard of rules or regulations. Claiming personal expenses as business expenses and failing to maintain records substantiating any valid deductions constitute negligence for purposes of section 6662(a) and (b)(1). See Higbee v. Commissioner, supra at 449; sec. 1.6662-3(b)(1), Income Tax Regs.

The accuracy-related penalty under section 6662(a) is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, supra at 448. The

decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. Reliance on professional advice may constitute reasonable cause and good faith, but only if, under all the circumstances, such reliance was reasonable. Hansen v. Commissioner, 471 F.3d 1021, 1032 (9th Cir. 2006), affg. T.C. Memo. 2004-269; Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991); sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner testified that she relied on a medical professional and information presented at an LAUSD meeting with respect to expenses that she claimed as unreimbursed employee expenses. Petitioner has failed to provide evidence that those whom she relied on were competent professionals with sufficient expertise or that it was reasonable for her to rely on their purported advice. See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002). Further, any reliance upon petitioner's tax return preparer was not reasonable because petitioner provided the return preparer with only the total expenses to be claimed on her return, not the receipts and/or other supporting documents. We sustain the application of the accuracy-related penalty under section 6662.

To reflect concessions and the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.