T.C. Memo. 2016-61

UNITED STATES TAX COURT

MICHAEL D. HASTINGS AND JO B. HASTINGS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9813-12.                          Filed April 5, 2016.

Michael D. Hastings and Jo B. Hastings, pro sese.

<u>Beth A. Nunnink</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined income tax deficiencies of
$18,489 and $2,440 for petitioners' 2008 and 2009 taxable years, respectively.
Respondent also determined accuracy-related penalties of $3,697.80 and $448

[*2] under section 6662(a)[1] for petitioners' 2008 and 2009 taxable years, respectively. After concessions by the parties,[2] the issues remaining for our consideration are: (1) whether petitioners are entitled to a deduction for a loss of $39,142 claimed on a Schedule E attached to their 2008 return; (2) whether petitioners are entitled to deductions for unreimbursed employee business expenses of $28,884 and $11,493 claimed on Schedules A of their 2008 and 2009 tax returns, respectively; and (3) whether petitioners are entitled to a deduction of $586 for moving expenses claimed on their 2009 return.

## FINDINGS OF FACT

Petitioners resided in Tennessee at the time their petition was timely filed. During the years at issue, Mrs. Hastings worked for VHA, a group purchasing organization. VHA paid or reimbursed her for travel expenses, but she failed to submit all of her expenses for payment or reimbursement. VHA did not have an office or a physical place of business in Mrs. Hastings' home city, and she had no choice but to work out of her home. She maintained a home office during 2008

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioners conceded respondent's disallowance of a deduction for $761 of home mortgage interest for 2008, and respondent conceded that petitioners are not liable for an accuracy-related penalty for 2008 or 2009.

**[*3]** and 2009 by converting a single bedroom in the back of petitioners' home into an office used solely by her for the purpose of serving the business needs of VHA.

The room was 10 by 12 feet or 120 square feet and held an L-shaped desk, two filing cabinets, and a multipurpose copier, scanner, and fax machine. Because the total square footage of petitioners' home was 2,074 square feet, the percentage of expenses attributable to the home office is approximately 6%. It was VHA's policy to pay for some items, including a fax line, a cell phone, and postage, but it did not reimburse Mrs. Hastings for the cost of electricity, gas, or water. The annualized costs of electricity, gas, and water for 2008 were $1,623, $1,788, and $245, respectively. The annualized costs of electricity, gas, and water for 2009 were $1,508, $1,131, and $267, respectively.

Mrs. Hastings sought a master's degree in health services administration from the University of St. Francis. It was VHA's policy to reimburse up to $5,250 per calendar year of costs and tuition for education so long as the employee maintained a certain grade point average, which Mrs. Hastings did. The master's degree that Mrs. Hastings obtained did not qualify her for a new position but served to maintain and improve her skills in health services. During 2008 Mrs.

[*4] Hastings paid $2,104.26 and $120 to the University of St. Francis for tuition and costs.  Mrs. Hastings did not seek reimbursement for these amounts.

Until May 2008 Mr. Hastings worked for Mechanical Pipe and Supply, which continued in operation after Mr. Hastings left.  Beginning in June 2008 he became involved with a company named Procon, a limited liability corporation, which was formed by Mr. Hastings and four other individuals.  None of the five invested any capital in the business.  Through prior business connections of the members of Procon, they had an ongoing relationship with Born Enterprises in Tulsa, Oklahoma.  Procon also had a fabrication company in St. Clairsville, Ohio.

The members of Procon agreed that they would not receive salaries or a draw until such time as Procon had sufficient cashflow.  Mr. Hastings was Procon's vice president for procurement and sales, and he was required to travel extensively.  He traveled from his home base in Nashville, Tennessee, to Tulsa, Oklahoma, and St. Clairsville, Ohio.  Despite Mr. Hastings' and the other members' efforts, Procon "folded" during February 2009, and the contract and business relationship with Born Enterprises was lost around that same time.  The business of Procon was to oversee or manage large commercial projects.  The Born Enterprises project involved the oversight, from manufacture to shipment, of a $120 million plant that manufactured asphalt for shipment to foreign countries.

**[*5]** After Procon ended its relationship with Born Enterprises, Mr. Hastings had to travel to and from Oklahoma and Ohio to wind down Procon's operations.

It was Procon's stated policy to reimburse Mr. Hastings for his travel expenses, but payment would not occur until after the company had cashflow to do so. No payment or reimbursement occurred; instead, after Procon folded, petitioners received a Schedule K-1 for 2008 reflecting that Mr. Hastings contributed $25,000 in capital, which ostensibly represented the value of the labor he expended. The Schedule K-1 also reflected a $39,142 ordinary loss. Petitioners did not receive a copy of a Procon tax return and took the Schedule K-1 to H & R Block, their tax return preparer. The Schedule K-1 was not attached to the 2008 joint income tax return that petitioners filed with respondent. On the basis of the Schedule K-1, the tax return preparer claimed a deduction for a $39,142 loss attributable to Procon, LLC.

The $39,142 loss reflected on the Schedule K-1 and claimed as a loss deduction on petitioners' 2008 tax return was computed by an accountant. It represented a percentage of Mr. Hastings' $165,000 salary, which he was not paid, for the number of months that Procon was in operation. Mr. Hastings was not employed during 2009 and reported that he received unemployment compensation.

[*6]   On the 2008 return, petitioners claimed a $29,139 deduction for unreimbursed employee business expenses, most of which involved Mr. Hastings' expenses incurred while traveling for Procon.  Mr. Hastings used his American Express business credit card to pay business expenses.  Using the credit card statements and a contemporaneously maintained calendar, petitioners reconstructed the Procon travel to Tulsa, St. Clairsville, and other locations.  Between May 4, and December 28, 2008, Mr. Hastings traveled by automobile on 15 occasions for a total of 8,611 miles:  493 before July 1, 2008, and the remaining 8,118 after that date.  In addition to the mileage driven, Mr. Hastings incurred expenses for gasoline and car maintenance.

In connection with the above trips, Mr. Hastings incurred expenses during the business travel.  He maintained a calendar in which he recorded dates and locations of travel.  Extracting from credit card records, petitioners were able to reconstruct expenditures for business.  Petitioners also retained credit card records that reflected the amount, date, location, and payee for charges to their account.  By means of this information, petitioners prepared a summary of meals incurred for business purposes, including the location, place, cost, type of business activity, and persons involved in the meal and the discussion.  Mr. Hastings, while

**[\*7]** traveling away from home for Procon, incurred business meals expenses of $4,569.48 and lodging expenses of $2,949.46.

As part of the Procon operation, Mr. Hastings established an apartment for use of all Procon employees and its members in St. Clairsville. Petitioners, during 2008, incurred $472.92 for truck rental and fuel in moving some of their furniture to the St. Clairsville apartment for Procon's use. During 2009 petitioners incurred $208 to move the furniture and other items from St. Clairsville back to Nashville. Petitioners also purchased furniture, equipment, and supplies for the apartment. Respondent conceded on brief that petitioners substantiated $540.28 for equipment and supplies for 2008.

## OPINION

This case presents two categories of issues for the Court's consideration. No issue has been raised by either party about the burden or proof or of going forward with evidence.[3]

I. $39,142 Procon Loss Claimed for 2008

Mr. Hastings, along with four other individuals, formed Procon, a limited liability company, which is treated as a partnership for tax purposes. They agreed

---

[3]With respect to deductions and losses at issue, petitioners bear the burden of proof and of showing their entitlement to the claimed amounts. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

[*8] that no salary would be drawn and that expenses incurred in pursuit of the business were reimbursable but would not be reimbursed until such time as Procon had sufficient cashflow. Procon had an ongoing contract to manage an asphalt plant beginning in May 2008. Although income was generated and expenses were being incurred, despite the members' efforts Procon folded during February 2009, and the contract and business relationship with the asphalt company was also lost around that time. As a result, Mr. Hastings received no salary and incurred expenses in pursuit of business activity during 2008. Mr. Hastings received a Schedule K-1 reflecting a $39,142 operating loss attributable to Procon, and that Schedule K-1 also reflected that Mr. Hastings had a $25,000 basis in Procon. No Federal income tax return had been filed for Procon's 2008 tax year, and petitioners understood that the $39,142 loss represented a percentage of Mr. Hastings' $165,000 salary, which he was not paid, for the seven months that Procon was in operation during 2008. Petitioners did not have any knowledge of the derivation of the $25,000 basis reflected on the Schedule K-1, as the members who formed Procon made no capital contributions.

Generally, a taxpayer/partner may claim a loss deduction from a partnership only to the extent that the amount of the loss does not reduce a partner's basis below zero. Sec. 704(d); Sennett v. Commissioner, 80 T.C. 825, 829 (1983), aff'd,

**[\*9]** 752 F.2d 428 (9th Cir. 1985); <u>Wilson v. Commissioner</u>, T.C. Memo. 1999-141; sec. 1.704-1(d)(1), Income Tax Regs. Petitioners did not make a capital contribution upon the formation of Procon. Petitioners contend that the $39,142 loss deduction they claimed for 2008 represents a percentage of the agreed $165,000 salary that was not paid by Procon during the period May through December 2008.

Generally, a partner's basis consists of contributions and transfers and may be increased by taxable income and reduced by distributions and losses of the partnership. Sec. 705. Although a partner's basis in a partnership may include the adjusted basis of property, basis does not include the value of services performed unless and until the value of those services has been subjected to taxation. <u>Haff v. Commissioner</u>, T.C. Memo. 2015-138, slip op. at *5 (citing <u>Hutcheson v. Commissioner</u>, 17 T.C. 14, 19 (1951)).

Accordingly, petitioners have not shown they had any basis in Procon and are not entitled to a deduction for the $39,142 partnership loss for 2008.

## II. Unreimbursed Employee Business Expenses

Mr. and Mrs. Hastings each claimed employee business expense deductions stemming from different business activities for 2008 and 2009. For 2008 petitioners claimed a deduction of $29,660 for unreimbursed employee business

[*10] expenses on Schedule A of their return.  Respondent disallowed most of the unreimbursed employee itemized deductions for 2008 and 2009.  In particular, respondent disallowed a deduction for the following amounts of unreimbursed employee business expenses for 2008:

| Expense | Amount disallowed |
|---|---|
| Other employee expenses | $3,116 |
| Meals and entertainment | [1]4,352 |
| Other business expenses | 5,748 |
| Travel | 10,167 |
| Vehicle | 5,501 |
| Moving | 586 |
| Total | [2]29,470 |

[1]The amount claimed represents one-half of the amount that petitioners reported as incurred because of the 50% limitation on such expenses.

[2]For reasons unexplained in the record, the total amount disallowed is $190 less than the amount claimed on the 2008 tax return.

Section 162(a) permits the deduction of ordinary and necessary expenses incurred in carrying on a trade or business.  An employee must show that such expenses were made in connection with the performance of services as an employee.  See sec. 1.162-17, Income Tax Regs.  All such expenses must be substantiated by adequate books and records sufficient to establish the amount of the business expense.  Sec. 6001.  At trial petitioners used summaries based on a contemporaneously maintained calendar, credit card statements, and testimony to

[*11] substantiate employee business expenses. In order for expenditures to be deductible, a taxpayer must show that the expenditures were made and proximately related to the business and that they were ordinary and necessary. Commissioner v. Lincoln Sav. & Loan Ass'n, 403 U.S. 345 (1971). In general, personal, living, or family expenses are not deductible. Sec. 262(a).

Section 274(d) provides more stringent substantiation requirements for certain types of business expenses, including travel, meals, and entertainment. In effect, a taxpayer's statement must be corroborated by evidence of the amount, time and place, purpose, and business relationship of the expenditure. Sec. 274(d)(4). Section 1.274-5T(b)(2) and (6) and (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014, 46016-46017 (Nov. 6, 1985), requires contemporaneous documentation of the travel or other sufficient evidence that shows the amounts, place, date, and business purpose of the expenditure or use of an automobile. To be entitled to deduct the cost of entertainment and/or providing food or beverages to a customer, a taxpayer must show the date, place, business purpose, business relationship to the person entertained, and the amount spent. Id. para. (b)(3), 50 Fed. Reg. 46015.

Respondent does not dispute that Mr. Hastings was engaged in business activity for Procon during 2008. Respondent does question whether he was an

**[*12]** employee; however, the record supports our holding that Mr. Hastings was an employee in addition to being a member of Procon. Petitioners used contemporaneously created documents along with credit card statements to place Mr. Hastings at business travel locations. Through these records, coupled with testimony, we find that the section 274(d) requirements have been met with respect to certain categories of expenditures.

A. Automobile Expense Deduction

Mr. Hastings claimed a $5,501 deduction for automobile use as an employee business expense for 2008. Respondent disallowed the entire amount. It appears that the deduction was based on the cost of gasoline, maintenance, and other costs associated with the operation of an automobile. Petitioners have shown the mileage, destination, date, and business purpose for the travel. Mr. Hastings traveled 8,611 miles by automobile for Procon, 493 of which were before July 1, 2008. The remaining 8,118 miles of travel occurred on or after July 1, 2008, and before the end of 2008.

For 2008 an alternative to claiming the actual expense of automobile travel is a per mile allowance. The mileage rate from January 1 to July 1, 2008, was $0.505, and it was $0.585 for July 1, 2008, to the end of the year. See Rev. Proc. 2007-70, 2007-2 C.B. 1162; Announcement 2008-63, 2008-2 C.B. 114.

**[*13]** Accordingly, petitioners are entitled to an employee business expense deduction for the use of their automobile for 2008 of $4,997.99, or $248.96 (i.e., 493 × .505) + $4,749.03 (i.e., 8,118 × .585).

B.  Meals, Lodging, and Entertainment Expense Deductions

On the 2008 return Mr. Hastings claimed a deduction for meals and entertainment expenses for occasions in Nashville, his home city, and in the business locations to which he traveled.  He reported $8,704 for meals and entertainment expenses, only $4,352 of which was deducted because of the 50% limit on such expenditures.  He also claimed a deduction for travel expenses of $10,167.  A review of petitioners' supporting documentation and testimony does not appear to distinguish between personal living expenses while in Nashville and business expenses which may have been incurred there.  Our review of the record shows that Mr. Hastings incurred meals and entertainment expenses while away from home of $4,569.48, only half of which is deductible because of the 50% limitation on such deductions.  Additionally, $2,949.46 in lodging expenses was incurred while away from home on travel for Procon, and that amount is also deductible as an employee business expense.

Included in the $10,167 travel expense deduction claimed for 2008 was the purchase of furniture and other items for the St. Clairsville, Ohio, apartment that

[*14] Procon maintained for its members and employees. The expenses connected with the purchase of furniture may not be deductible during 2008 because the furniture may represent depreciable capital assets. Moreover, petitioners moved the furniture back to their home during 2009 after Procon failed and its operations in St. Clairsville concluded at the beginning of 2009. The Court was otherwise not able to discern from the record whether any of these expenditures constituted employee business expenses.

Respondent, however, conceded on brief that petitioners substantiated $540.28 for equipment and supplies which we therefore hold to be deductible as an employee business expense for 2008.

C. Moving Expense Deduction

Petitioners claimed a $586 moving expense deduction on their 2009 income tax return. Respondent disallowed that amount, and petitioners conceded at trial that they did not move their place of residence from Nashville during 2008 or move back to Nashville during 2009. The apparent confusion in reporting a moving expense for 2009 likely occurred because petitioners incurred expenses for truck rental and for fuel of $472.92 during 2008 and $208 during 2009. They incurred these expenses when moving some of their furniture and other items to Procon's St. Clairsville apartment for the use of members and employees of

[*15] Procon. Although petitioners have conceded that they did not move their residence during 2008, we hold that the truck rental and fuel expenses in the above amounts are deductible as employee business expenses for 2008 and 2009.

### D. Mr. Hastings 2009 Employee Business Expense Deductions

Other than the $208 expense to rent a truck during 2009, Mr. Hastings did not travel on behalf of Procon, which was defunct, and he was unemployed during 2009. Mr. Hastings claimed deductions for other employee business expenses of $3,994 and business travel expenses of $5,311 for 2009, and respondent determined that these amounts were not allowable. In this respect respondent's determination is sustained.

### E. Mrs. Hastings' 2008 and 2009 Employee Business Expense Deductions

Mrs. Hastings claimed deductions of $3,116 and $1,440 for employee business expenses for 2008 and 2009, respectively. She also claimed a deduction for automobile expenses of $748 for 2009. Mrs. Hastings testified that the expenses comprised home office expenses, education to maintain and improve her job skills, and other expenses for which she was entitled to reimbursement from her employer but for which she failed to seek reimbursement.

Section 280A requires that the home office be used exclusively and regularly as a taxpayer's principal place of business. Mrs. Hastings passes this

[*16] test, and the room in her home qualifies under the statute as a home office for which substantiated expenses may be deductible. With respect to the home office, Mrs. Hastings was reimbursed by her employer for certain expenditures, but she was not reimbursed for utilities, including gas, water, and electricity. The qualified home office represented 6% of the total square footage, and the following utility expenses were incurred for 2008 and 2009:

| Utility | 2008 | 2009 |
|---------|------|------|
| Electricity | $1,623 | $1,508 |
| Gas | 1,788 | 1,131 |
| Water | 245 | 267 |
| Total | 3,656 | 2,906 |

Accordingly, petitioners are entitled to deduct unreimbursed employee business expenses for use of a home office of $219.36 and $174.36 for 2008 and 2009, respectively. Petitioners also sought a home office expense deduction for their home telephone service, for which they provided substantiation. Section 262(b), however, provides that the basic local telephone service with respect to the first phone line is a nondeductible personal expense.

Mrs. Hastings' claim of $748 for 2009 automobile expenses must fail for lack of substantiation and failure to meet the requirements of section 274(d).

[*17] Finally, Mrs. Hastings reported $2,104.26 and $120 in tuition and fees paid to the University of St. Francis during 2008, which, apparently, was part of the $3,116 employee business expense deduction that she claimed for 2008. She testified that she did not seek reimbursement from her employer because these amounts exceeded her employer's annual allowance for reimbursement of education expenses. Respondent contends that reimbursable employee business expenses are not deductible unless it is shown that the employer would not make reimbursement. In support of her testimony, Mrs. Hastings provided credit card statements showing the 2008 payments and documents from the University of St. Francis that included a list of courses she had taken from 2002 through 2007.

Generally, under section 162(a), a taxpayer may deduct unreimbursed expenses actually paid and which were ordinary and necessary expenses of a trade or business. Lucas v. Commissioner, 79 T.C. 1, 6 (1982). Whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943). An employee business expense, however, may not be deductible when an employee has a right to reimbursement for expenditures but fails to claim such reimbursement. Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-553. The employee has the burden of establishing that the employer would not have

[*18] reimbursed the expense had the employee requested reimbursement. Podems v. Commissioner, 24 T.C. 21, 23 (1955).

Upon review of the credit card statements and the university records provided, the Court is unable to verify that the payments made to the University of St. Francis during 2008 exceeded VHA's $5,250 annual limit for tuition reimbursement. Moreover, even if we were to find that the amounts paid were in excess of VHA's reimbursable limit, the Court is not able to discern from the record whether Mrs. Hastings would not have been reimbursed for some or all of the amounts claimed if she had requested reimbursement. We accordingly hold that Mrs. Hastings failed to meet her burden and that the payments of $2,104.26 for tuition and $120 for other education costs are not deductible as unreimbursed employee business expenses for 2008.

To reflect the foregoing and to account for concessions of the parties,

Decision will be entered

under Rule 155.