T.C. Summary Opinion 2017-13

UNITED STATES TAX COURT

SAMUEL S. BECKEY AND JENNIFER J. BECKEY, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3149-15S.                          Filed March 13, 2017.

Samuel S. Beckey and Jennifer J. Beckey, pro sese.

<u>Mistala M. Cullen</u>, for respondent.

SUMMARY OPINION

BUCH, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the years in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.  All monetary amounts are

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion may not be treated as precedent for any other case.

During the years in issue Samuel S. Beckey was, in his words, an entrepreneur, and Jennifer J. Beckey was an office administrator who was involved in various organizations. On their joint tax returns for 2010 and 2011 the Beckeys claimed deductions for unreimbursed employee business expenses for Mrs. Beckey. They also claimed deductions for unreimbursed employee business expenses and expenses reported on Schedules C, Profit or Loss From Business, for Mr. Beckey. The Commissioner disallowed those deductions and issued a notice of deficiency determining the following deficiencies and accuracy-related penalties with respect to the Beckeys' 2010 and 2011 returns.

| Year | Deficiency | Penalty sec. 6662 |
|------|-----------|-------------------|
| 2010 | $13,795 | $2,759 |
| 2011 | 14,362 | 2,872 |

After concessions by the Beckeys, the issues for consideration are whether they may deduct unreimbursed employee business expenses, whether they may deduct

---

[1](...continued)
rounded to the nearest dollar.

the reported Schedule C business expenses, and whether they are liable for section 6662(a) accuracy-related penalties.

On the basis of the evidence presented at trial, we find that the Beckeys failed to meet their burden of showing that the Commissioner's determinations are incorrect.[2] The Beckeys did not establish that Mrs. Beckey's employer did not or would not reimburse her for the employee business expenses, and they failed to substantiate the expenses. The Beckeys conceded that Mr. Beckey is not entitled to deduct unreimbursed employee business expenses, but they claim that some of those expenses should have been reported on Mr. Beckey's Schedule C. However, the Beckeys did not establish that any of the expenses pertain to Mr. Beckey's trade or business (as distinguished from a corporation), and they failed to substantiate the expenses. Because we sustain the Commissioner's determinations, the understatements of income tax are substantial. The Commissioner also established that the Beckeys were negligent in failing to maintain adequate records. Because the Beckeys did not provide a defense to the penalties, they are liable for section 6662(a) accuracy-related penalties.

---

[2]See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

## Background

The Beckeys were married during 2010 and 2011, the years in issue.

I.     Mrs. Beckey

Mrs. Beckey worked as a regional manager and office administrator at her law firm. She was an active member in various organizations for which she attended conferences and planned meetings. Her employer did not require her to participate in those organizations, but her participation was helpful for her career.

A.     Office Administrator Activities

When Mrs. Beckey accepted a position as an office administrator at a law firm in San Francisco, California, the Beckeys moved to Half Moon Bay, California, where they resided during the years in issue. As an office administrator, Mrs. Beckey was responsible for managing the administrative operations of the law firm's local office, including collaborating with local attorneys on client development and marketing. With respect to her marketing duties, she was responsible for managing local client seminars, breakfast briefings, and other business development events. She was given additional duties in 2009, becoming a regional manager.

B.      Organizational Activities

During the years in issue Mrs. Beckey participated in the organizations Women in Technology International, the Society for Human Resource Management, and the Association of Legal Administrators.  Her employer did not require her or any of its other office administrators to participate in any organizations, but she found it helpful to her career.

Mrs. Beckey participated in Women in Technology International.  Although no other office administrators in her firm were involved in that organization, Mrs. Beckey believed that her participation was good for her career.  As part of her participation, she hosted meetings for Women in Technology International, some of which were at her employer's office.  When a member would host a meeting, Women in Technology International typically would reimburse the member for some of the costs of the meeting, including venue spaces, speaker expenses, and catering.  Mrs. Beckey occasionally sought reimbursement from Women in Technology International, but the organization also expected that the host would pay.

Mrs. Beckey also participated in and received certification from the Society for Human Resource Management and the Association of Legal Administrators. Having already received one of the certifications, Mrs. Beckey traveled to

Orlando, Florida, for the Association of Legal Administrators national conference to complete an examination to receive the second certificate in May 2011. Although her law firm did not require these certifications for office administrators and she was the only office administrator in the firm with dual certifications, she viewed getting a dual certificate as good for her career. To maintain these certifications, Mrs. Beckey had to complete continuing education. To meet these requirements, Mrs. Beckey would travel to the organization's conferences.

Mrs. Beckey did not provide any evidence of whether her employer would or did reimburse her for her costs to participate in these meetings and conferences. The Beckeys did not provide a reimbursement policy from Mrs. Beckey's employer.

## II. Mr. Beckey's Activities

Mr. Beckey does not describe himself as an employee for the years in issue; instead, he describes himself as an "entrepreneur".

Mr. Beckey claims to have been an entrepreneur since 2001. He has been involved in some successful businesses and some unsuccessful ones. Mr. Beckey explained that "at various times we've had the need to create a company around other things that we were working on. And at other times there was no company

or there was the thought of having a company in the future that we move the work to when it became possible."

One of these businesses was Xystus Corp. Mr. Beckey incorporated Xystus in 2002. Mr. Beckey stated that Xystus ceased operating shortly after incorporation.

During the years in issue Mr. Beckey "tried to keep a number of irons in the fire". However, he did not identify his specific role in any business. Mr. Beckey claims that at various times his role was as an "engineer and designer and developer" or a consultant or a software developer.

One of these businesses for which Mr. Beckey provided services was Herophilos, Inc. Mr. Beckey incorporated Herophilos in Delaware in 2009 to do software development for a larger company. During 2009 and 2010 Herophilos maintained its own bank account and filed its own returns.

Mr. Beckey traveled for Herophilos. In 2010 he traveled six times to San Diego, California, and twice to Washington, D.C. Mrs. Beckey accompanied Mr. Beckey on some of these trips. Mr. Beckey believed that Mrs. Beckey was an asset to Herophilos because she had a relationship with the buyer of the software product. In 2011 Mr. Beckey traveled two more times to San Diego and once to Newark, New Jersey, before Herophilos forfeited its status as a corporation.

On August 4, 2011, Herophilos forfeited its status as a corporation in Delaware by failing to appoint a registered agent, and Mr. Beckey took responsibility for its work. Mr. Beckey continued to travel for Herophilos. He traveled to San Diego on September 11 and November 11, 2011. Mr. Beckey maintained a calendar, but he did not maintain a log detailing these trips.

III. Reporting

For 2010 and 2011 Mr. Beckey prepared and filed the Beckeys' joint Forms 1040, U.S. Individual Income Tax Return. They reported Mrs. Beckey's law firm compensation of $131,465 and $137,353 for 2010 and 2011, respectively. They did not report any wages for Mr. Beckey. They claimed, among other things, deductions for unreimbursed employee business expenses and deductions for Schedule C expenses.

A. Unreimbursed Employee Business Expenses

The Beckeys claimed deductions for unreimbursed employee business expenses for 2010 and 2011. For 2010 the Beckeys claimed deductions for unreimbursed employee business expenses on their Schedule A, Itemized Deductions, of $48,405. They attached Form 2106, Employee Business Expenses, for Mr. Beckey, reporting vehicle expenses and business expenses not already included on Schedule C. They attached Form 2106-EZ, Unreimbursed Employee

Business Expenses, for the expenses that Mrs. Beckey incurred for participating in her organizations. On Form 2106-EZ they reported vehicle expenses, travel expenses, and business expenses not already reported elsewhere.

For 2011 the Beckeys claimed deductions for unreimbursed employee business expenses on their Schedule A of $33,948. They attached Form 2106 for Mr. Beckey, reporting vehicle expenses, travel expenses, meals and entertainment expenses, and business expenses not already included on Schedule C. They attached Form 2106-EZ for the expenses that Mrs. Beckey incurred for participating in her organizations. On Form 2106-EZ they reported vehicle expenses, parking fees, tolls, and local transit expenses; meals and entertainment expenses; and business expenses not already reported elsewhere.

Mrs. Beckey did not keep any logs or calendars for vehicle-related expenses or other expenses. She retained credit card statements that Mr. Beckey later used to reconstruct their expenses on the summary schedule.

B.    Schedule C Expenses

The Beckeys claimed business loss deductions from Mr. Beckey's Schedule C business for 2010 and 2011, identifying the business as "Xystus Corporation". They reported expenses relating to Herophilos on the Schedule C.

The Beckeys reported Schedule C losses of $23,397 and $33,587 for 2010 and 2011, respectively.  For each year they reported business expenses, including car and truck expenses, contract labor expenses, depreciation and section 179 expenses, legal and professional services expenses, supplies expenses, taxes and licenses expenses, travel expenses, meals and entertainment expenses, and utilities expenses.

Mr. Beckey did not keep any logs of travel-related expenses or other expenses.  He maintained a calendar that included only details of when he traveled.  He retained credit card statements, various receipts for supplies, and PayPal receipts that he later used to reconstruct his Schedule C expenses on the summary schedule.

IV.    Notice of Deficiency

The Commissioner issued a notice of deficiency for 2010 and 2011 on November 10, 2014.  For 2010 the Commissioner increased the Beckeys' taxable income for cancellation of indebtedness income.  For 2010 and 2011 the Commissioner disallowed a portion of the Beckeys' deductions for Schedule C expenses, disallowed deductions for unreimbursed employee business expenses, and determined accuracy-related penalties.  The Commissioner also made other correlative adjustments.

While residing in California, the Beckeys timely petitioned for redetermination of the deficiencies and the accuracy-related penalties. They challenge the Commissioner's determinations that they may not deduct unreimbursed employee business expenses, that they may not deduct Schedule C expenses, and that they are liable for accuracy-related penalties.[3]

At trial the Beckeys conceded that Mr. Beckey was not entitled to deduct unreimbursed employee business expenses because he was not an employee during the years in issue. However, the Beckeys argue that Mr. Beckey's various business expenses all should have been included on Schedule C. Thus, we must decide whether the Beckeys may deduct unreimbursed employee business expenses for Mrs. Beckey, whether they may deduct Schedule C expenses for Mr. Beckey, and whether they are liable for accuracy-related penalties.

Discussion

I.    Burden of Proof

In general, the Commissioner's determinations in a notice of deficiency are presumed correct, and taxpayers bear the burden of proving otherwise.[4] Although

---

[3]The Beckeys did not raise any issue regarding the cancellation of indebtedness income; thus they have conceded that issue. See Rule 34(b)(4).

[4]Rule 142(a); Welch v. Helvering, 290 U.S. at 115. In closing argument the
(continued...)

the burden may shift to the Commissioner under section 7491(a) if certain

requirements are met, the Beckeys have not claimed that the burden has shifted,

and the record does not support shifting the burden to the Commissioner.

II.    Deductions

Taxpayers are allowed a deduction for "ordinary and necessary expenses

paid or incurred during the taxable year in carrying on any trade or business",[5] but

taxpayers generally are not allowed a deduction for personal, living, or family

expenses.[6] A taxpayer is required to show a proximate relation between the

expense and the business.[7] Thus, the taxpayer has "the burden of demonstrating

that the purpose of the expenditure was primarily business rather than personal

---

[4](...continued)
Commissioner implied that the Beckeys' bank statement showed unreported income. But the Commissioner never moved to amend his answer or formally assert an increased deficiency. For their part the Beckeys alleged that they received an inheritance in 2011. We decline to address this alleged unreported income because the issue is not properly before us. If it had been properly before us, the Commissioner would have had the burden of proof, which he did not meet. See Rule 142(a)(1).

[5]Sec. 162(a).

[6]Sec. 262(a); Heineman v. Commissioner, 82 T.C. 538, 542 (1984).

[7]Walliser v. Commissioner, 72 T.C. 433, 437 (1979); Rogers v. Commissioner, T.C. Memo. 2014-141, at *18; see also Noland v. Commissioner, 269 F.2d 108, 113 (4th Cir. 1959) (requiring "proof of some certainty and directness"), aff'g T.C. Memo. 1958-60.

and that the business in which the taxpayer is engaged benefited, or was intended to be benefited, by the expenditure."[8]  The determination is essentially one of fact.[9]

Taxpayers must maintain sufficient records to substantiate the expenses underlying their claimed deductions,[10] but deductions for certain expenses are subject to strict substantiation rules under section 274(d).[11]  Such expenses include those relating to travel, meals and entertainment, gifts, and listed property under section 280F(d)(4).[12]  For the years in issue listed property includes any passenger automobile, any other property used as a means of transportation, any property of a type generally used for purposes of entertainment, recreation, or amusement, computers, and any other property of a type specified by the Secretary by regulations.[13]  To comply with the strict substantiation rules, the taxpayer must

---

[8]Hynes v. Commissioner, 74 T.C. 1266, 1289 (1980).

[9]Commissioner v. Heininger, 320 U.S. 467, 475 (1943); Heineman v. Commissioner, 82 T.C. at 542; Walliser v. Commissioner, 72 T.C. at 437.

[10]Sec. 6001; Edwards v. Commissioner, T.C. Memo. 2014-57, at *21; sec. 1.6001-1(a), Income Tax Regs.

[11]Sanford v. Commissioner, 50 T.C. 823, 826-827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

[12]Sec. 274(d).

[13]Sec. 280F(d)(4).

have adequate records or sufficient evidence corroborating the amount of the expense, the time and the place the expense was incurred, the business purpose of the expense, and the business relationship of the taxpayer to any others benefited by the expense.[14] To substantiate by adequate records, the taxpayer must maintain an account book, a log, a diary, or a similar record and documentary evidence to establish each element of an expenditure.[15]

A.      Schedule A Employee Business Expenses

It is well established that the performance of services as an employee constitutes a trade or business.[16] Therefore, the ordinary and necessary expenses incurred in that trade or business are deductible under section 162.[17] An employee's trade or business is earning compensation from the employer, and generally only those expenses that are related to the continuation of employment are deductible.[18]

---

[14]Sec. 274(d).

[15]Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., supra.

[16]O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988); Shah v. Commissioner, T.C. Memo. 2015-31, at *20.

[17]Lucas v. Commissioner, 79 T.C. 1, 6 (1982); Kurkjian v. Commissioner, 65 T.C. 862, 869 (1976).

[18]Noland v. Commissioner, 269 F.2d at 111; Farias v. Commissioner, T.C.

(continued...)

When an employee has a right to reimbursement for expenditures related to his status as an employee but fails to claim reimbursement, the expenses are not necessary and are not deductible.[19] An employee cannot fail to seek reimbursement and convert the employer's expenses into the employee's.[20] The prohibition of a deduction for reimbursable expenses is a "bright-line rule" and applies even when the employee is unaware that the expenses are reimbursable.[21] An employee has the burden of establishing that the employer would not reimburse the expense had the employee requested reimbursement,[22] and the employee must substantiate the expense.[23]

---

[18](...continued)
Memo. 2011-248, 102 T.C.M. (CCH) 402, 403 (2011).

[19]Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), aff'g T.C. Memo. 1984-533; Lucas v. Commissioner, 79 T.C. at 7.

[20]Kennelly v. Commissioner, 56 T.C. 936, 943 (1971), aff'd without published opinion, 456 F.2d 1335 (2d Cir. 1972); Putnam v. Commissioner, T.C. Memo. 1998-285, 76 T.C.M. (CCH) 238, 240 (1998).

[21]Orvis v. Commissioner, 788 F.3d at 1408; Richards v. Commissioner, T.C. Memo. 2014-88, at *10; Mulne v. Commissioner, T.C. Memo. 1996-320, 72 T.C.M. (CCH) 111, 113 (1996).

[22]Podems v. Commissioner, 24 T.C. 21, 23 (1955); Hastings v. Commissioner, T.C. Memo. 2016-61, at *17-*18.

[23]Sec. 6001; Richards v. Commissioner, at *11-*12; sec. 1.6001-1(a), Income Tax Regs.

The Beckeys failed to meet their burden of proving that Mrs. Beckey's employer would not reimburse her. The Beckeys claimed deductions for unreimbursed employee business expenses for Mrs. Beckey for 2010 and 2011 for the costs associated with events for Women in Technology International, the Society for Human Resource Management, and the Association of Legal Administrators. Mrs. Beckey did not provide any evidence that the expenses were not reimbursable by her employer or that she sought reimbursement for these expenses and that reimbursement was denied. Thus, the Beckeys have not established that Mrs. Beckey's employer would not reimburse her.

Furthermore, even if the Beckeys established that the employer would not reimburse Mrs. Beckey, they failed to sufficiently substantiate their expenses. Mrs. Beckey reported unreimbursed employee business expenses for vehicle expenses, parking fees, tolls, and local transit expenses; travel expenses; meals and entertainment expenses; and other unreimbursed employee business expenses. The Beckeys provided the summary schedule and credit card statements to support their deductions. However, the summary schedule, which was largely created from the credit card statements well after expenses were incurred, is not an adequate record for the purposes of section 274(d). It was not maintained at or near the time of the expenditures, and it does not establish each element of the

expenditures. It does not include their business purpose. And because the Beckeys did not explain which expenses were reimbursed by Women in Technology International, its members, or Mrs. Beckey's employer, they did not establish deductible amounts of the expenses. Thus, the evidence fails to meet the strict substantiation requirements.

Likewise, for the expenses that are not subject to strict substantiation, the Beckeys failed to demonstrate that the purpose of the expenditures was primarily business rather than personal. Many expenses included in the summary schedule appear to be personal. For instance, the Beckeys reported that purchases from Amazon.com, AT&T, LinkedIn, and Comcast were other unreimbursed employee business expenses. Thus, the Beckeys may not deduct the unreimbursed employee business expenses that they reported for Mrs. Beckey.

B.    Schedule C Activities

It is well established that officers, employees, or shareholders may not deduct the payment of corporate expenses on their individual returns.[24] "Such

---

[24]Craft v. Commissioner, T.C. Memo. 2005-197, 90 T.C.M. (CCH) 149, 150-151 (2005) (citing Deputy v. du Pont, 308 U.S. 488, 494 (1940), Noland v. Commissioner, 269 F.2d 108, and Rink v. Commissioner, 51 T.C. 746, 751 (1969)).

payments constitute either capital contributions or loans to the corporation and are deductible, if at all, only by the corporation."[25]

For 2010 and 2011 the Beckeys reported the Schedule C expenses that Mr. Beckey incurred for Herophilos. Mr. Beckey did not distinguish expenses for Herophilos from any other expenses. Herophilos was a Delaware corporation beginning in March 2009 until it forfeited its status in August 2011,[26] and it filed corporate tax returns for 2009 and 2010. While Herophilos was a corporation, the Beckeys were not entitled to deduct expenses incurred for Herophilos on their personal return. Mr. Beckey chose the form of business through which he operated Herophilos; he is bound by the Federal income tax consequences of his choice.[27]

After Herophilos forfeited its status as a corporation, the Beckeys did not establish that Mr. Beckey was carrying on a trade or business and that he was not claiming business expense deductions for another entity. Section 162 requires a

---

[25]Gantner v. Commissioner, 91 T.C. 713, 725 (1988) (citing Deputy v. du Pont, 308 U.S. at 494, and Rink v. Commissioner, 51 T.C. at 751), aff'd, 905 F.2d 241 (8th Cir. 1990).

[26]An entity formed as a State law corporation is treated as a corporation for Federal tax purposes. See Rochlani v. Commissioner, T.C. Memo. 2015-174, at *7-*8; sec. 301.7701-2(b)(3), Proced. & Admin. Regs.

[27]Moline Props., Inc. v. Commissioner, 319 U.S. 436, 439 (1943).

taxpayer to be "carrying on any trade or business".  Mr. Beckey states that he was operating his own trade or business as an entrepreneur, but the record is not so clear.  Mr. Beckey explained that "at various times we've had the need to create a company around other things that we were working on.  And at other times there was no company or there was the thought of having a company in the future that we move the work to when it became possible."  For the years in issue the Beckeys reported Mr. Beckey's Schedule C business as "Xystus Corporation".  Xystus was incorporated in 2002.  Mr. Beckey explained that Xystus ceased operating shortly after incorporation; however, he did not provide any other evidence that it ceased operating.[28]  Similarly, to substantiate Mr. Beckey's Schedule C expenses, the Beckeys provided credit card statements that are held in the name of "Xodex Inc. Samuel Scott Beckey".  They did not present any evidence regarding Xodex's corporate status.  Thus, it is not clear whether Mr. Beckey's "irons in the fire" were for his own trade or business or those of some corporation.  Therefore, they did not meet their burden of showing that Mr. Beckey was carrying on a trade or business.

---

[28]See Tokarski v. Commissioner, 87 T.C. 74, 77 (1987) (noting that the Court is not required to accept uncorroborated testimony).

Even if the Beckeys had established that Mr. Beckey was carrying on a trade or business, they failed to substantiate their expenses. For each year the Beckeys claimed deductions for depreciation and section 179 expenses, legal and professional expenses, car and truck expenses, utilities expenses, taxes and licenses expenses, supplies expenses, contract labor expenses, meals and entertainment expenses, and travel expenses. And the Beckeys claim that Mr. Beckey's reported unreimbursed employee business expenses for section 179 expenses and other business expenses should have been included on the Schedule C. To substantiate these expenses, the Beckeys provided the summary schedule, credit card statements, Amazon.com receipts, and various PayPal receipts. However, many of these expenses are subject to the strict substantiation rules of section 274(d). And for the expenses that require strict substantiation, as already explained, they failed to maintain adequate records. The summary schedule does not establish the necessary elements to establish deductibility of each expenditure. It does not provide any evidence of the business purpose or use of the expenditure. Thus, the Beckeys did not meet the strict substantiation requirements. For the remaining expenses, they did not provide any evidence that these expenses were directly connected with or pertaining to a business for Mr. Beckey and not personal.

III.    Section 6662(a) Accuracy-Related Penalties

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on any portion of an underpayment of tax required to be shown on a return that is due to negligence, disregard of rules or regulations, or any substantial understatement of income tax. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, and the term "disregard" includes any careless, reckless, or intentional disregard.[29] Negligence has been further defined as a "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances."[30] Additionally, a taxpayer is negligent if he fails to maintain sufficient records to substantiate items in question.[31] An understatement of income tax is "substantial" when that understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000.[32] However, if the taxpayer has substantial authority for the tax

---

[29]Sec. 6662(c).

[30]Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), aff'g in part, remanding in part 43 T.C. 168 (1964), and T.C. Memo. 1964-299).

[31]See Higbee v. Commissioner, 116 T.C. 438, 449 (2001); sec. 1.6662-3(b)(1), Income Tax Regs.

[32]Sec. 6662(d)(1)(A).

treatment of an item, then the portion of the tax attributable to that item is not included in the understatement.[33]

The Commissioner bears the burden of production for this penalty before the burden shifts to the taxpayer to prove that the penalty should not apply.[34] Because we sustain the Commissioner's deficiencies, the understatements of income tax are substantial. In addition, the Commissioner has shown the underpayments of tax were due to the Beckeys' negligence; the Beckeys failed to introduce evidence to substantiate the expenses underlying the deductions. Thus, the Commissioner has met his burden.

This penalty does not apply to any portion of an underpayment for which a taxpayer establishes that he or she had reasonable cause and acted in good faith.[35] The Beckeys did not provide any evidence of defenses against the application of this penalty for either year before us. Accordingly, they are liable for section 6662 accuracy-related penalties for 2010 and 2011.

_____

[33]Sec. 6662(d)(2)(B)(i).

[34]See sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446-447.

[35]Sec. 6664(c)(1).

IV.    Conclusion

The Beckeys failed to show that the Commissioner's determinations are incorrect. They did not establish that Mrs. Beckey's employer did not or would not reimburse her for the reported unreimbursed employee business expenses, and they failed to substantiate the expenses. Likewise, they did not establish that any of the expenses reported on the Schedule C pertained to Mr. Beckey's trade or business and not a corporation, and they failed to substantiate the expenses. The Commissioner has met his burden regarding the section 6662(a) accuracy-related penalties, and the Beckeys did not provide any defense. Thus, they are liable for section 6662(a) accuracy-related penalties. We will enter decision for the Commissioner.

To reflect the foregoing,

Decision will be entered for

respondent.